CASE 71—PETITION ORDINARY—OCTOBER 2.

# Manhattan Insurance Co. vs. Stein & Zang.

### APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

1. Stein sold his interest in a malt-house to his former partner and joint owner, Zang, for ten thousand dollars, to secure which he reserved a lien, and bound Zang to insure the property for that amount for his benefit. About August 23d, 1866, Zang procured from different agents two policies of insurance, each for the sum of five thousand dollars. Each policy took effect at 12 o'clock of that day. One was issued by the Manhattan Insurance Company, the other by the German Insurance Company of Louisville.

   Stein bought the property July 15, 1867, under a decree enforcing his lien; but the report of sale was not confirmed until October 4, 1867.

   The property was consumed by fire in the meantime, August 5, 1867, and afterwards Zang assigned to Stein both policies; and in an action in their joint names against the Manhattan Insurance Company they recovered a judgment for five thousand dollars on account of the loss. The court below overruled a motion for a new trial. That judgment is reversed. *Held*—

   The policy was equitably assignable; and even before the assignment, Stein, for whose benefit it was procured, was a beneficial party. He had a right, therefore, to give notice of the loss, and demand payment, and was a proper co-plaintiff. The interest in the property was not effectually changed until after the fire by confirmation of the sale; but—

   If possession and control of the property were surrendered to Stein before the fire, that change of risk might have exonerated the Manhattan Insurance Company. Yet that distinct question is not presented for revision.

2. The preliminary evidence required by a policy of insurance, as indispensable before non-payment is actionable, may be dispensed with or waived by the conduct of the agent of the company, in giving assurances that the company was exonerated, &c.

3. An insurance company is estopped by such assurances from taking advantage of the non-precise conformity of the preliminary evidence to the forms required by the technicalities of the policy.

4. Formal proof may be dispensed with by the company by declaring that any form or degree of preliminary proof of the loss would be superfluous and unavailing.

5. Whether one of the two policies which took effect at the same hour, on the same day, was prior or subsequent, is immaterial. In either event, the required notice ought to have been given and consented to according to the stipulations of the policy, otherwise the assurance was forfeited. This would be the case if the proof showed that the policies were issued simultaneously by the two agents. The required notice *of prior or subsequent insurance* must be construed with reference to the subject, object, and plain intent of the parties in thus providing for a forfeiture, and against fraudulent insurances.

Wm. Atwood,         For Appellant,

CITED—

3 *Hill*, 501 ; *Roberts vs. Chenango Mut. Ins. Co.*

2 *Comstock*, 210 ; *Murdock vs. same.*

20 *Indiana*, 520 ; *Rising Sun Ins. Co. vs. Slaughter.*

*Arnould on Insurance*, 291, 292, 293, 294.

*Angell on Fire and Life Ins.*, secs. 140, 142, 143, *and note 2.*

*Ellis on Law of Fire and Life Insurance*, 28.

5 *Ohio*, 467 ; *Harris vs. Ohio Insurance Co.*

21 *Missouri*, 97 ; *Hutchinson vs. The Western Ins. Co.*

22 *New York*, 402 ; *Bigler vs. The Central Ins. Co.*

*Same case*, 20 *Barbour*, 635.

16 *Peters*, 508–511 ; *Carpenter vs. Prov. Wash. Insurance Company.*

3 *Robinson's La. R.*, 384 ; *Battaile vs. Merchants' Insurance company.*

12 *Cushing*, 469 ; *Pendar vs. American Ins. Co.*

8 *Gray*, 33 ; *Kimble vs. Howard Ins. Co.*

7 *Cushing*, 175 ; *Barrett vs. Union Mut. Ins. Co.*

12 *Cushing*, 144; *Conway Tool Co. vs. Hudson River Insurance Company.*

6 *Gray*, 169; *Hale vs. Mechanics' Mut. Ins. Co.*

41 *New Hamp.*, 175; *Gale vs. Belknap Ins. Co.*

23 *Pick.*, 418; *Jackson vs. Massachusetts Ins. Co.*

6 *Cushing*, 342; *Clarke vs. New England Ins. Co.*

37 *Maine*, 37; *Philbrook vs. New England Mutual Insurance Company.*

6 *Cowen*, 635; *Lucas vs. Jefferson Ins. Co.*

18 *Pick.*, 21; *Kent vs. Manufacturers' Ins. Co.*

6 *Gray*, 204; *Kennebec Company vs. Augusta Insurance Company.*

9 *Howard's S. C. R.*, 390; *Taylor vs. The Merchants' Insurance Company.*

19 *New York*, 306; *Baptist Church vs. Brooklyn Insurance Company.*

2 *Kernan*, 258; *Western vs. Genesee Mutual Ins. Co.*

3 *Comstock*, 266; *Hyde vs. Goodnow.*

4 *Metcalfe's Kentucky R.*, 14; *Phœnix Insurance Company vs. Lawrence.*

32 *New York*, 414; *Hoffman vs. The Ætna Ins. Co.*

*Chitty's Pleadings*, 257, 258, *9th Amer. from 6th London ed.*

25 *Barbour*, 189; *Goit vs. The Protection Ins. Co.*

12 *Cushing*, 423; *Daniels vs. Hudson River Ins. Co.*

5 *Rawle*, 342; *Moliere vs. Pennsylvania Fire Ins. Co.*

1 *Cushing*, 257; *Heath vs. Franklin Ins. Co.*

4 *Bush*, 242; *Baer vs. Phœnix Ins. Co.*

1 *Disney's Ohio S. C.*, 138; *Root & Co. vs. Cincinnati and Washington Insurance Companies.*

1 *Wright's Ohio*, 544; *Harris vs. Ohio Ins. Co.*

MUIR & BIJUR,                  For Appellees,

CITED—

28 *Barbour, p.* 119; *Courtney vs. New York City Insurance Company.*

9 *Dana, p.* 150; *The Louisville Marine and Fire Ins. Co. vs. Bland & Coleman.*

*Angell on Fire and Life Insurance, secs.* 244 *and* 245.

23 *Wendell, page* 526; *McLaughlin vs. Washington County Marine Insurance Company.*

25 *Wendell, p.* 378; *Turley vs. The North American Fire Insurance Company.*

25 *Wendell, p.* 381; *McMasters & Bruce vs. The Western Mutual Insurance Company.*

16 *Wendell, p.* 401; *The Ætna Fire Insurance Company vs. Tyler.*

9 *Wendell, p.* 166, *sec.* 149, *C. C. P.; Cornell vs. LeRoy & Rapelye.*

2 *Mason's Reports, p.* 475; *Robinson vs. The Marine Insurance Company.*

18 *Pickering, p.* 152; *Wiggins vs. Suffolk Ins. Co.*

29 *Barbour, p.* 303; *Voss vs. The Hamilton Mutual Insurance Company, Salem.*

10 *Pickering, p.* 43; *Strong vs. Manufacturers' Insurance Company.*

16 *B. M., p.* 273; *Ætna Insurance Company vs. Jackson, etc.*

28 *Barbour, p.* 118; *Courtney vs. New York City Insurance Company.*

5 *Cranch,* 341; *Yeatman vs. Foy.*

7 *Hill,* 255; *Livingston vs. Sickles.*

32 *New York Rep.,* 415, 434.

9 *Dana,* 150; *Louisville Marine and Fire Ins. Co. vs. Coleman.*

12 *Cushing,* 148; *Camden Tool Company vs. Hudson River Insurance Company.*

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

The appellees, Joseph Zang and Joseph Stein, being joint owners of a leasehold interest in a house in the

city of Louisville, used as a "malt-house" by them as partners, Stein, on dissolution of the firm, sold to Zang his entire interest for ten thousand dollars, to secure which he reserved a lien, and bound Zang to insure, for his benefit, the property for ten thousand dollars.

Pursuant to that engagement, Zang, about the 23d day of August, 1866, procured a policy of insurance to the amount of five thousand dollars, from the appellant, and another policy, to the same amount, from "The German Insurance Company of Louisville," each policy, by its terms, to take effect at 12 o'clock on that day.

On the 15th of July, 1867, Stein bought the property under a decree for enforcing his lien; but the report of the sale was not confirmed until the 4th of October, 1867. In the meantime, on the 5th of August, 1867, the property was consumed by fire; and afterwards, Zang assigned to Stein both of the policies; and then, in their joint names, this suit was brought against the appellant for the benefit of the assignee. And this appeal seeks the reversal of a judgment rendered in Stein's favor against the appellant for the amount insured by it.

A reversal is urged on three grounds—

1st. That the preliminary evidence required by the policy as indispensable before non-payment was actionable, was not furnished to the appellant's agent.

2d. That the policy was made void by a failure to notify the agent of the insurance by the German policy, and have it indorsed on the appellant's policy, as prescribed in the latter policy, as follows: "If any other insurance has been or shall hereafter be made upon the said property, and not consented to in writing hereon, this policy shall be null and void."

3d. That the decretal sale to Stein rendered the policy void, as a legal consequence of the following provision

in it: " If said property shall be sold or conveyed, or the interest of the parties therein changed, this policy shall be null and void."

A brief consideration of these several grounds may be sufficient to show that the second, and that alone, is maintainable.

1. The appellee, Stein, promptly notified the appellant's agent of the fire, and offered to prove the preliminary facts necessary for an adjustment of the loss; but the agent, instead of acquainting him with the mode and character of the proof, as he ought to have done according to the proper custom in England, and as suggested by the interest of his own constituent, lulled him by assuring him that the sale to him exonerated the insurer, by divesting the insured of insurable interest. This conduct estops the appellee from taking advantage of the non-precise conformity of the evidence to the forms required by the technicalities of the policy; and, moreover, admissions made on the record dispensed with formal proof, which had been impliedly waived before by the agent's conduct, in urging a more radical and only objection to liability, and declaring that any form or degree of preliminary proof of the loss would be superfluous and unavailing.

The policy was equitably assignable; and, even before the assignment, Stein, for whom it was procured, was a beneficient party. He had a right, therefore, to give notice of the loss, and demand payment, and was a proper co-plaintiff; *and the interest was not effectually changed until after the fire.*

2. Whether the German policy was prior or subsequent to that herein litigated, is immaterial. If prior, the appellant ought to have had notice of it before its policy was issued, so as to decide whether another insurance,

leaving perhaps no assurable interest at the risk of the insured, would be prudent; and if subsequent, prompt notice of it ought to have been given, so as to enable the appellant to elect either to sanction and indorse it, or to cancel its own policy. In marine insurance the loss insured against by several different policies is distributable *pro rata* .among all the underwriters. Not so in cases of fire insurance; hence the importance of the condition in fire policies of the notice required in this case. This case, therefore, unlike the adjudged cases cited for the appellees, does not essentially involve the question of priority. Even if the risk insured against on each policy commenced at the same moment, yet, without proof, it cannot be presumed that the agents of two different companies issued to the same assured simultaneous policies. In the absence of proof to the contrary, the necessary presumption in law, as well as in fact, is, that one of them was antecedent to the other; and, consequently, notice could, and therefore should, have been given to the appellant of the German policy, whether prior or subsequent to its own policy. Then the appellant had the right to avoid its policy as it did; and there is no equitable circumstance in this case which can control that election and relieve the assured of the imputation of constructive fraud in procuring two policies covering the same risk, without notice, as required by his express contract, which would never have been made without the consideration of such a condition.

· The necessary deduction from these general considerations is, that had there been proof of the apparently incredible simultaneousness of the two policies, the reason and object of the condition of avoidance would have required notice to the appellant of the German policy, even though the literal requisition is only of notice of a *prior* or *subsequent* insurance.

Policies of insurance, though not, in all their peculiar provisions and phrases, easily intelligible by the insured, should, nevertheless, like all other contracts, be construed rationally and consistently, according to the subject, object, and plain intent. A precisely literal or inflexibly stringent interpretation against the underwriter would often be inconsistent with public policy, reason, and justice, and not required by the wise maxim that ambiguities should be construed most strongly against the framer of the policy.

3. But neither the title nor insurable interest of Zang had been transferred, or effectually changed, until the decretal sale to Stein was confirmed after the fire. And though, if possession and control were surrendered to Stein before the fire, that change of the risk might have exonerated the appellant; yet the record does not present that distinct question for our revision, and, therefore, it is unavailable in argument, and cannot be judicially considered on this appeal.

In overruling and in giving a multitude of instructions, the court below impressed its pervading idea, that if the two insurances were simultaneous, no notice of the German policy was necessary; and also, that if that policy was subsequent to the appellant's, that fact could not be established by argument or otherwise, because the petition unnecessarily alleged that it was prior. According to the foregoing view of the case, those assumptions were erroneous and prejudicial to the appellant.

Wherefore, for this only apparent error, the judgment is reversed, and the cause remanded for a new trial, a motion for which was improvidently overruled.