*Ray, for appellants.*

*Little, for appellees.*

---

## KENTUCKY INS. Co. *v.* F. H. GREEN.

**Insurance—Loss—Action to Enforce Collection—Petition—Necessary Allegations—Preliminary Proof.**

Appellee's petition, after setting out the policy of insurance and the loss of the property insured, states "that the agent of the said company is now here and refuses to pay the plaintiff the said amount as the said company was bound to do by said policy."

The company was therefore not estopped from insisting that the appellee should comply with the stipulations of the policy. According to the face of the instrument, the loss was not due for ninety days after the preliminary proof was made. The petition presents no cause of action.

### APPEAL FROM GRAVES CIRCUIT COURT.

December 7, 1870.

OPINION BY JUDGE LINDSAY:

Appellee's petition after setting out the policy of insurance and the loss of the property insured, states "that the agent of said company is now here and refuses to pay plaintiff the said amount, as the said company was bound to do by said policy."

It is insisted that this refusal brings this case within the doctrine laid down by this court in the case of the Manhattan Insur-

ance Company v. Stein & Zing., 5 Bush 652, and that appellee therefore had the right to sue without making or offering to make the perliminary proof necessary for an adjustment of the loss, as required by the policy. It does not appear from the petition, except by inference that the agent alluded to had authority either to adjust or pay the loss, nor does it appear that appellee offered to prove the preliminary facts, nor that the agent refused to acquaint him with the mode or character of proof required, nor that he lulled him by assuming that he would not be paid even though he complied with all the conditions of this policy.

The company was therefore not estopped from insisting that appellee should comply with the stipulations of the policy. According to the face of that instrument the loss was not due and payable for ninety days after the preliminary proof was made and deposited with the secretary of the company.

Appellee not only failed to make such proof, but brought his suit on the 23d day after the loss occurred. He certainly had no claim against the insurance company that was due and payable at that time, hence his petition presented no cause of action.

Wherefore the judgment is reversed and the cause remanded for further proceeding consistent herewith, appellee should be allowed to amend his petition in case he denies to do so and the insurance company to answer.

*Harlan & Barrett, for appellant.*

*Bush, for appellee.*