Lieb & Son v. Craddock, &c.

---

CASE 81—PETITION ORDINARY—NOVEMBER 20.

## Lieb & Son v. Craddock, &c.

APPEAL FROM FRANKLIN CIRCUIT COURT.

1. PARTNERSHIP.—Even after a partner withdraws from the partnership he is liable upon contracts made by the remaining members of the firm with such persons as dealt with the firm before his withdrawal with the knowledge that he was a partner, and who have never had actual notice of his withdrawal. It is not necessary, in order to bind him, that such persons should have given credit to the firm upon the faith that he was a member of it; all that is necessary is that they, not having notice of his withdrawal, believed that he was a member.

2. A DORMANT PARTNER, as to any person who knows that he is a partner, continues to be responsible after he withdraws from the partnership

to the same extent that an ostensible partner is responsible after his withdrawal from the partnership.

3. BURDEN OF PROOF.—One of the defendants having denied that he was a partner, the burden was on the plaintiffs, and they were entitled to the concluding argument.

D. W. LINDSEY, MARSHALL & LOCHRE FOR APPELLANT.

1. A dormant partner is liable for a partnership debt without regard to whether credit was extended to the firm because of his connection with it. (Bishop on Contracts, secs. 392-4.)

2. A dormant partnership being known to one dealing with the firm, the dormant partner continues liable to such creditor in subsequent dealings until the creditor has notice of the withdrawal of the dormant partner. (Collyer on Partnership, 489; Parsons on Partnership, 431-2; Farrar v. Delflirene, 1 C. & K.; Kennedy v. Bohannon, 11 B. M., 121.)

WM. LINDSAY AND G. W. CRADDOCK FOR APPELLEES.

A dormant partner is not bound by the contracts made by his firm subsequent to his withdrawal, when the person dealing with the firm knew that he had been a partner, unless credit was extended to the firm upon the faith that the dormant partnership still continued. (Kennedy v. Bohannon, 11 B. M., 122; 3 Hill, 215; Herman on Estoppel, sec. 792.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

To an action of assumpsit filed by the appellants against William Jones, J. W. Jones, W. T. B. South, J. H. Bowen, D. M. Bowen and G. W. Craddock, as partners doing business under the firm name of Jones & Bowen, D. M. Bowen denied that he was a member of said firm at the time the account sued on was created. G. W. Craddock admitted that he was a dormant member of said firm "during the time intervening between the first of August, 1880, and the twenty-seventh of April, 1881," at which latter date he withdrew from said firm, and that the account sued on was created after his withdrawal from said firm; that the appellants did not know that he was ever a

member of said firm until long after his withdrawal from it.

The appellants, in their reply, alleged that, prior to G. W. Craddock's withdrawal from the firm, they knew that he was a member of it; that after acquiring such knowledge, and before his withdrawal, they sold the firm goods; that they had no notice of his withdrawal from the firm, and they thereafter sold the firm goods under the belief that he was a member, etc. G. W. Craddock's rejoinder put in issue these allegations.

It is clearly established that Craddock withdrew from the firm on the twenty-seventh of April, 1881; that he gave no notice to the appellants of his withdrawal; that the goods, the price of which the appellants seek to recover, were sold to the firm of Jones & Bowen after the withdrawal of Craddock; that the appellants sold to the firm of Jones & Bowen goods, from time to time, during the time that G. W. Craddock was a member of the firm.

The appellants' reply to the answer of D. M. Bowen, and the administrator's rejoinder thereto, D. M. Bowen having died intestate since filing his answer, involve about the same issue as that made between appellants and Craddock.

It is established that D. M. Bowen was a member of the firm, and withdrew from it about the same time that G. W. Craddock did.

The jury having found for G. W. Craddock and D. M. Bowen's administrator upon the issues joined, and judgment having been rendered accordingly, the case is here upon the appeal of the appellants.

Instruction "A," given for the appellee, Craddock,

reads as follows: "The court instructs the jury that if they shall believe from the evidence he did not hold himself out to the public as a member of the firm of Jones & Bowen, and that he withdrew from and ceased to be a member, or connected with said firm, on the twenty-seventh day of April, 1881, then he is not liable for any part of the account sued on, which was created after the twenty-seventh. day of April, 1881, and they should find for him, unless they further believe from the evidence that plaintiffs, before his said withdrawal, knew that he was a member of said firm, and had no knowledge of his withdrawal, and made said sales sub-sequent to the twenty-seventh of April, 1881, under the belief that Craddock was still a member of the firm of Jones & Bowen, and extended the credits to them upon the faith of their belief that Craddock was still a member of that firm."

A dormant partner is liable for the partnership debts contracted during the time that he was a member of the firm, upon the ground of agency; he is liable on any contract made, within the scope of the partnership business, by the ostensible partner, because he is taken to have adopted the firm name as his own for the purpose of such contracts.

So, when such contracts are made in the firm's name by one of the ostensible partners, the firm name does not represent the names of the ostensible partners alone, but that of the dormant partner also, which name the dormant partner authorizes the ostensible partner to use in reference to all matters arising within the scope of the partnership business during his connection with it as such member. When he

withdraws from the firm, he also withdraws the authority of the ostensible partner to thereafter bind him; and he is not liable for any contract that the ostensible partner may make after his withdrawal; but this withdrawal of authority and non-liability are confined to such persons as did not know, while he was a member of the firm, that he was such member; as to such persons, he having withdrawn the agency from the ostensible partner by withdrawing from the firm, he is not responsible for any contract that they may thereafter make with the firm.. But if, during the time that he is a member of the firm, he becomes known to any third person as such member, then he stands in relation to such person as an ostensible member of the firm, and is, as to such person, under all the responsibilities of an ostensible member.

By the formation of a partnership, each member, unless expressly restricted, authorizes the other to act as his agent within the scope of the partnership business, and the act of each, within such scope, is for himself as principal, and for the other members as their agent; and when one member makes a contract with a third person in behalf of his firm, and within the scope of the partnership business, he does so in behalf of himself as principal and as agent of his associates. Although one of the members withdraws from the firm, he, as to such persons as theretofore dealt with the firm with the knowledge that he was a member, is liable for any contract that the remaining member may make, in the name of the firm, with such persons, unless they had, in some way, actual notice of the withdrawal of the member; as to such

persons, the retiring member does not withdraw the agency of the remaining member to bind him, until such persons have received actual notice in some way that the agency has been withdrawn. It is not necessary, in order to bind the withdrawing member, that such persons should have given credit to the firm upon the faith that he was a member of it. All that is necessary is, that they, not having notice of his withdrawal, believed that he was a member. The basis of his liability is not that such persons gave credit upon the faith of his being a member, but it is based upon the fact that he theretofore agreed that his co-partner should act as his agent, and legally bind him to all contracts made with them within the scope of the partnership business; and that such agency, for the purpose of legally binding him, should continue until they should receive notice of its withdrawal.

For the foregoing reasons, the last clause of the instruction, to wit: "And extended the credits to them upon the faith of their belief that Craddock was still a member of that firm," was misleading and erroneous. For, if the appellants dealt with the firm of Jones & Bowen while Craddock was a member of it, with the knowledge that he was a member, and after his withdrawal they, not having notice of his withdrawal, sold the firm the goods mentioned under the belief that he was still a member of it, then he is liable to them for the price.

The foregoing views apply to the administrator of D. M. Bowen. D. M. Bowen, in his answer, having denied that he was a partner, the burden was upon

the appellants, and they were entitled to the concluding argument.

The judgment of the lower court is *reversed*, and the case is remanded, with directions to grant the appellant a new trial, and for further proceedings consistent with this opinion.