## Brown v. Home Insurance Company of New York.

### (Decided June 10, 1924.)

## Appeal from Shelby Circuit Court.

1. Frauds, Statute of—Oral Contracts of Insurance Enforceable,—Oral contracts of fire insurance are enforceable, even where for more than one year.
2. Insurance—Oral Contract Not Enforced, Unless Every Essential Element Established.—Before oral contract of fire insurance will be enforced, every essential element usually found in such contracts must be established.
3. Contracts—Oral Fire Insurance Contract Must be Mutual to be Binding.—Oral contract of fire insurance must be mutual in order to be binding, and mere statement by fire insurance agents to insured's wife that insurance was to go into effect was not binding where insured was not present at time and was not bound thereby to pay premium or accept insurance.

PICKETT, BARRICKMAN & KALTENBACHER for appellant.

E. L. SNIDER, R. F MATTHEWS, and BECKHAM & GILBERT for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Affirming.

Appellant Brown instituted this action against the Home Insurance Company of New York to recover $1,000.00 on a parol contract of fire insurance made, as it is alleged in the petition, on January 1, 1920, whereby the insurance company undertook to insure Brown's residence and the contents, for a term of five years against loss by fire, in consideration of an annual premium of $10.80. The insurance company denied it entered into such a contract and therefore denied liability.

The insurance company recognizes the general rule that oral contracts of fire insurance are enforceable, but it says that no such contract was made by it with appellant Brown, and asserts that the evidence introduced by Brown does not sustain his contention that such a contract was entered into. In 14 R. C. L., page 880, it is said that the authorities are agreed that in the absence of a statute to the contrary, of which there are examples, an oral contract of insurance which contains all of the elements essential to a contract is valid. Such a contract for a period of one year, beginning on its date, is not within the statute of frauds, and even a contract to insure for three years is not within the statute of frauds, since it may be completely performed within a year on the happening of a contingency. This rule has been applied many times by this court.

> "But, to entitle one to the specific performance of a verbal agreement to insure, or to issue a policy, he must prove an oral contract possessing all the essentials of a written contract of insurance, namely, the subject matter, the risk insured against, the amount of insurance, the rate or premium, the duration of the risk and the identity of the parties. . . . And it must also appear that the agent had the authority to bind the company sought to be held to the payment of the risk." Hartford Fire Insurance Company v. Trimble, 117 Ky. 583; Springfield Fire Insurance Company v. Snowden, 173 Ky. 664; Georgia Casualty Co. v. Bond-Foley Lumber Company, 187 Ky. 511.

Before such a contract will be enforced in our courts every essential element usually found in such contracts must be established. In this case it was shown by the evidence of appellant Brown and his wife, who may be regarded as his agent for the purpose of giving testimony, that appellant Brown applied to the agent of the insurance company on the 31st of December, 1919, for a policy of fire insurance upon his house and furnishings, saying he wanted all the insurance he could get. The agent promised to visit the home of Brown and inspect the premises and the property to be insured within the next week but did not fix a day certain. Brown returned to his home and told his wife that he had applied for insurance and that the agent would be at their home within

the next week, and directed her to show the premises to the insurance agent and to assist him in obtaining the necessary data. Before going to his work on the following morning Brown again reminded his wife that the agent of the insurance company was expected to call at any time. The agent, accompanied by an associate, did call upon January 1st, but Brown being absent they talked to his wife concerning the insurance and made many inquiries. They also made measurements of the premises and made a plat of the house and grounds. Before leaving they instructed her to say to her husband when he returned home that they had been there and for him to come to their offices the next time he was in town, which she told them would be two weeks, he living sixteen (16) miles from the county seat, and they would prepare an application for insurance which he could sign. Nothing was said about the payment of the premium, although she testifies that the policy was to be for $1,000.00 upon the house and contents and that the premium would be $10.80 per year, the policy to run for five years. Appellant Brown did not know the rate of premium to be charged until he came home that night, so he testified. He never obligated himself to pay a premium or to take any definite amount of insurance.

The case is fairly well made out for appellant except that it is not shown by any witness that Brown authorized his wife as his agent or otherwise to enter into a contract with the insurance company for a policy of fire insurance or to obligate him to pay to the insurance company any premium therefor. She says, however, that the agent said the policy would be dated January 1st, and that the property was insured from the time the agents were there, although they gave her no receipt or binder. The property was destroyed by fire January 17th.

Such a contract must be mutual in order to be binding. We are sure from the evidence the appellant was not bound by anything that happened at his home on the day the insurance agents visited it, to pay a premium or to accept a policy of insurance, and he not being bound, the company was not bound. There was no mutuality in the contract proven and the trial court did not err in peremptorily directing the jury to find and return a verdict for the defendant company.

Judgment affirmed.