## Kitchen v. Yorkshire Insurance Company et al.

(Decided November 20, 1928.)

### Appeal from Boyd Circuit Court.

1   Insurance.—An insurance policy may be reformed to express the real contract between the parties, where it fails to embrace it, either by reason of the mutual mistake of the parties or the fraud of one and mistake of the other, but the evidence establishing the fraud or mistake must be clear and convincing.

2.   Insurance.—Persons claiming insurance under an oral contract must prove an oral agreement possessing all of the essentials of a written contract of insurance, showing the subject-matter agreed on, the risk insured against, the rate of premium, duration of risk, amount of insurance, identity of parties, and that the minds of parties met touching such matters.

3.  Insurance.—In action on fire policy, where the evidence did not
disclose that premium was agreed on, or that identity of parties
and subjectmatter of risk insured was understood, where plain-
tiff attempted to establish oral contract when written contract
failed, held, that there was no oral contract.

WOODS, STEWART & SMOOT for appellant.

DYSARD & MILLER for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

The appellant purchased an outfit for a bakery from a man living at Olive Hill, Ky., and removed it to Ashland, where he rented a building and set up his equipment for business. The testimony shows that he had formerly owned the same outfit while he was engaged as a baker in Grayson, Ky., and that thereafter, with the same equipment, he engaged in business at Olive Hill, where he failed, and his outfit was sold by his creditors. When he purchased the bakery outfit, he agreed to pay $800 for it. He gave a check for $200, and for the remainder of the purchase money he executed a mortgage on the property which he had purchased. The $200 check was not paid. He purchased a few articles from the owner of the building which he rented in Ashland, as well as a few supplies from different merchants, which supplies were necessary for the conduct of his business.

On August 29, 1924, appellant went to one C. F. Crane, who was employed by the Chesapeake & Ohio Railroad Company, and requested Crane to obtain for him insurance in the sum of $2,400 on his bakery outfit and his supplies. Crane, it appears, was not the agent of any insurance company, but he acted as a go-between in procuring insurance for some of his friends, and doubtless received a commission therefor. He took up the question of insurance for appellant with the agent of the North-Western Fire & Marine Insurance Company, and also with the agent of the Yorkshire Insurance Company, which are the appellees. At the time appellant talked with Crane, there was no agreement as to the company, or companies, from which the insurance should be procured, and neither was there any agreement as to the amount of premium which should be paid. Crane advised appellant that he would have the insurance contract, or contracts, ready for him by the following Monday. Ap-

pellant did not know whether the insurance would be covered by one policy or more than one. The policy in the North-Western was for $1,800, and the Yorkshire for $600.

Crane appears to have been informed by appellant that he owned all the equipment in the building where his business was conducted, when, as a matter of fact, much of the equipment was owned by the landlord. It also appears that Crane was informed by appellant that his wife had sold certain property with which to buy the bakery outfit. He did not know that there was a mortgage against the property at the time he obtained the policies for appellant. This is the explanation offered for the large amount of insurance in proportion to the small value of the property covered.

The policies were issued on August 31, and signed by the local agent of the companies, and delivered to the stepson of appellant. Appellant claims that he did not know that the policies had been delivered to his stepson, or that they had been issued. On Sunday night, August 31, the property was destroyed by fire. Proofs of loss were submitted, but the companies refused payment. The companies defended on the grounds that the policies were never delivered to appellant, and that they were obtained by fraud and misrepresentation on the part of appellant, and for these reasons they were not liable. A further ground relied on was that, if it should be held that the policies were issued and accepted, still they were void because of the provision contained in them that they should be invalid, if the title of the plaintiff was anything other than a fee-simple title to the property, and, further, that they were void because of a provision to the effect that if the property covered by the policies was at the time, or should become, incumbered by a chatel mortmortgage. Another ground relied on was that the policies should be void, if appellant had concealed or misrepresented in writing, or otherwise, any material circumstance concerning the insurance, or the subject-matter thereof, or the interest of the insured in the property, or if the interest of the insured in the property was not truly stated therein, or in case of any fraud or false swearing by the insured touching any matter relating to the insurance, or the subject-matter thereof, either before or after the loss. It was alleged that appellant had violated each of the provisions of the policies relied on by

appellees as a defense. Both cases will be disposed of in this opinion. There is no doubt that the property was incumbered at the time the policies were issued, and it is hardly disputed that the value of the property was grossly misrepresented. It is also shown by the testimony that in making out the proofs of loss appellant stated that there was no incumbrance against the property. It is also established that much of the property in the building occupied by him did not belong to him, and was the property of his landlord.

Counsel for appellant do not seriously contend that he should recover, if he is bound by the provisions found in the policies. They sought to avoid the effect of these provisions by appropriate pleadings asking that the terms of the policies be reformed so that they would express the real contract, as alleged, between the parties. It is insisted that the contract for insurance was oral, and that the only provisions of the contract were that the property should be covered by insurance to the extent of $2,400, and that the amount of the premium should be paid by appellant. They rely solely on the case of Springfield Fire & Marine Insurance Co. v. Snowden, 173 Ky. 664, 191 S. W. 439. The opinion in that case barely carries its own weight. It is true that case bears a similarity to the present cases in some respects. In that case, however, the facts were different materially from the facts in the case under consideration.

It is true that it has been held by this court in a number of cases that a policy of insurance may be reformed to express the real contract between the parties, where it fails to embrace the contract, either by reason of the mutual mistake of the parties, or the fraud of one and the mistake of the other. In all such cases, however, such reformation should not be adjudged, unless the evidence establishing the fraud or mistake is clear and convincing. Springfield Fire & Marine Insurance Co. v. Snowden, supra; Anderson v. S. V. & E. Railway Co., 171 Ky. 740, 188 S. W. 772; Coleman v. Illinois Life Insurance Co., 82 S. W. 616, 26 Ky. Law Rep. 900; Ison v. Sanders, 163 Ky. 605, 174 S. W. 505; Brown v. Home Insurance Co., 203 Ky. 715, 262 S. W. 1088.

It has never been held by this court that an oral contract of insurance may be enforced, unless it contains all of the essential elements necessary to constitute a valid contract. The general rule is that the person claiming

under such a contract must prove an oral contract possessing all of the essentials of a written contract of insurance. The subject-matter must be agreed upon, and also the risk insured against, the rate of premium, the duration of the risk, the amount of insurance, and the identity of the parties. The minds of the parties must meet touching these matters. Hartford Fire Insurance Co. v. Trimble, 117 Ky. 583, 78 S. W. 462, 25 Ky. Law Rep. 1497; Georgia Casualty Co. v. Bond-Foley Lumber Co., 187 Ky. 511, 219 S. W. 442; Brown v. Home Insurance Co., supra. The evidence in the cases before us does not disclose that the amount of premium was agreed on, or that the identity of the parties was understood, and the subject-matter of the insurance and the risk insured against obviously were not clearly understood, or policies aggregating $2,400 would not have been issued to cover property of a value of less than half of that sum. An oral contract for insurance cannot be consummated, unless the parties reach an agreement upon all the elements essential to the contract.

In the case of Hopkins v. Phoenix Fire Insurance Co., 200 Ky. 365, 254 S. W. 1041, this court held that, where the applicant for insurance designated no particular company in which he desired the insurance, he could not claim a binding contract before the actual issuance and acceptance of a policy. The court said:

"It therein appears that Eastham not only represented the defendant, but a number of other companies, and that there was no designation by plaintiffs or Davidson of any particular company in which they desired the insurance. Neither was there any statement of the terms of the insurance either as to rate of premium or duration of the risk; and this court has held that where an agent represented more than one company and in the negotiations, though otherwise complete, there was no designation of the company, no binding contract was entered into."

A number of cases are cited as supporting the principle thus stated in that opinion. Measuring appellant's claim by the standard set up by this court in previous cases, we are driven to the conclusion that he was not entitled to a reformation of the contracts. Such being the case, he is bound by the provisions found in the poli-

cies, and there is no serious argument advanced that he is entitled to recover, if the provisions of the policies are binding on him.

Judgment affirmed.