Rosetta C. KOLB, Plaintiff,

v.

**THE PRUDENTIAL INSURANCE COMPANY OF AMERICA et al.,**
Defendants.

Civ. No. 3731.

United States District Court
W. D. Kentucky,
Louisville Division.

Feb. 5, 1959.

Louis Cohen, Louisville, Ky., for plaintiff.

Thomas W. Bullitt, Louisville, Ky., for defendants.

SHELBOURNE, Chief Judge.

This action was filed in the Jefferson Circuit Court December 3, 1958. The plaintiff, Rosetta C. Kolb, seeks a

judgment against the defendant, The Prudential Insurance Company of America, John K. Haire, Earl Jones, and Derby City Agency, in the amount of $14,000, less the first year's premium on a policy of life insurance which the plaintiff claims was sold John L. Kolb on June 27, 1958, and which plaintiff contends was in effect at the time of Kolb's death which occurred on June 28, 1958.

It is alleged in the complaint that The Prudential maintains an agency in Louisville, Kentucky, under the name of Derby City Agency and that defendants John K. Haire and Earl Jones are the representatives of The Prudential and general agents of the company; that John K. Haire and Earl Jones negotiated with John L. Kolb for a policy of life insurance and sold same to Kolb, collecting $2 of the first premium on June 27, 1958, and that under the negotiations the insurance was effective immediately. The plaintiff, Rosetta C. Kolb, claims that she was to be the beneficiary under the policy and to receive $5,000 in cash, the remaining $9,000 was for the payment of a mortgage on the property owned by John L. Kolb and Rosetta C. Kolb held by the Avery Building Association. Judgment is sought against The Prudential, John K. Haire, Earl Jones, and Derby City Agency, jointly and severally.

December 18, 1958, the defendant Prudential filed its petition for removal, in which it was alleged that The Prudential is a corporation of New Jersey and a citizen and inhabitant of that state; that the defendants Haire and Jones are not parties in interest, and that each was joined improperly and fraudulently for the sole purpose of preventing The Prudential from removing the action into this Court and to fraudulently avoid and defeat the jurisdiction of the United States District Court; that there is in the action a controversy between the plaintiff, Rosetta C. Kolb, and The Prudential Insurance Company of America which is wholly between citizens of different states and can be fully determined as between them.

December 26, 1958, the plaintiff filed a motion to remand the action to the Jefferson Circuit Court. The defendant Prudential filed the affidavit of Richard H. Miller, Resident Manager for The Prudential at Louisville, Kentucky, in which it is averred that defendants John K. Haire and Earl Jones were Special Agents of The Prudential authorized to solicit applications for insurance, but neither of them had the power or authority to sell a policy of life insurance except as a soliciting agent. The affidavit of the plaintiff was filed, in which she says that both Haire and Jones represented to her husband, John L. Kolb, that they were agents of The Prudential with full power to bind The Prudential and that they collected a partial premium of $2, assuring John L. Kolb that the policy was effective immediately.

█ The question before the Court is whether, under the terms of Section 1441(c) of Title 28, "a separate and independent claim or cause of action" is embodied in the complaint, and whether the joinder of Haire and Jones as defendants was fraudulent to defeat federal jurisdiction. Considering the motion to remand, the allegations of the complaint must control. American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702; Great Northern Railway Co. v. Alexander, 246 U.S. 276, 38 S.Ct. 237, 62 L.Ed. 713; Pullman Co. v. Jenkins, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334.

█ The substantive law of the state wherein the alleged acts occurred determines the question whether there exists in the pleading a separate and independent claim or cause of action which will permit removal.

In the case of Bentley v. Halliburton Oil Well Cementing Co., 5 Cir., 174 F.2d 788, 791, the court said, with respect to Section 1441(c) which became effective September 1, 1948:

"The separable controversy was uprooted, but the soil in which it flourished remains. The difference between the two concepts is one of

degree, not of kind; and the basic principles are as applicable now as they were under prior statutes. We are still governed by the local law as to the plaintiff's substantive right and the joint or several character of his claim. The federal authorities are still potent to the effect that the plaintiff has the right to select the forum; to elect whether to sue joint tort-feasors jointly or separately; and to prosecute his own suit in his own way to a final determination. They are also potent to the effect that, if the complaint is filed in good faith, the cause of action, for the purpose of removal, *is deemed to be that which the plaintiff has undertaken to make it; that the defendant cannot make separate a cause of action which the plaintiff has elected to make joint;    *    *    *."* (Italics added.)

In the case of Snow v. Powell, 10 Cir., 189 F.2d 172, it is said that an action is removable under Section 1441(c) only when the complaint in the state court sets up two or more claims, where one of such claims is separate and independent of the others. The court said that the words "separate" and "independent", as used in the conjunctive, should be given their full significance in order to carry out the intent of Congress to limit removals and simplify the determination of removability. The word "separate", said the court, means distinct, apart from, not united or associated; and the word "independent" means not resting on something else for support, self-sustaining, not conditioned or contingent.

■ The case of Chason Bros. v. Insurance Co. of North America, D.C.N.Y., 102 F.Supp. 803, 805, involved a suit by the plaintiff against an insurance company and two individuals operating as a partnership, the partnership being an insurance broker. When requested by the plaintiff that the policy of insurance issue, plaintiff was informed by a member of the brokerage partnership that the insurance had been obtained from the defendant insurance company (Insurance Company of North America). The plaintiff sustained a loss, the insurance company denied liability, and plaintiff's suit sought alternative recovery, either against the Insurance Company of North America for the latter's alleged wrongful refusal to pay on its policy or against the partnership brokerage for wrongfully and negligently failing to effect the proper insurance; that suit sought judgment against the defendants "or such one of them as may be liable." The insurance company, resisting plaintiff's motion to remand for lack of diversity, sought to distinguish its case from the Finn case, supra. In the Finn case the individual was the agent of the insurance company, while in the Chason case alternative liability only was alleged thereby making the liability of one defendant exclude the liability of the other. The court held that the right to removal does not depend upon whether the liability is joint and several, only several, or alternative. Therefore, the determinative factor, where plaintiff joins two or more defendants to recover damages for one injury, is plaintiff's complaint, though he charged them with joint and several liability, only several liability, or with liability in the alternative there is no joinder of separate and independent causes of action within the meaning of Section 1441(c).

In support of the allegations of the petition for removal concerning fraudulent joinder, the defendant Prudential relies upon the case of Shane v. Kansas City Southern Ry. Co., D.C.Ark., 121 F. Supp. 426. The Shane case states that, in the absence of a showing of fraudulent joinder, the nature of the controversy is governed by the allegations of plaintiff's complaint; that plaintiff's complaint clearly shows by the facts alleged that no joint liability could exist on the part of the defendants, the attempted assertion of such a joint cause of action is fraudulent as a matter of law; and, further, that doubtful issues of law or fact should be decided in the state court and not in the removal proceedings.

■ Under the law of Kentucky, there is no statute preventing an oral contract of insurance from constituting a binding contract, if the oral contract contains all of the essential elements. Springfield Fire & Marine Insurance Co. v. Snowden, 173 Ky. 664, 191 S.W. 439; Georgia Casualty Co. v. Bond-Foley Lumber Co., 187 Ky. 511, 515, 219 S.W. 442.

■ In the case at bar, the allegations of the complaint indicate an intention to obtain a joint judgment against the defendants and there are colorable grounds for obtaining such a judgment.

Accordingly, the motion to remand is sustained and an order remanding the case is this day being entered.