LYMAN NICHOLS & others *vs.* FAYETTE MUTUAL FIRE INSUR-
ANCE COMPANY.

Proof of an application for insurance and of a policy issuing thereon, both of which describe the property insured as property of the plaintiffs, is *prima facie* evidence of title and of an insurable interest in the plaintiffs, in an action upon the policy.

When one of the plaintiffs has taken an assignment of a first mortgage on the insured property, in trust for all the plaintiffs, and has completed a negotiation for the purchase of the interest of the mortgagee in a second mortgage, under which the title has been perfected by a foreclosure, a statement by the plaintiffs in the application for insurance that they are mortgagees in possession will not avoid the policy.

When an applicant for insurance has answered a question in the application as to the existence and amount of incumbrances upon the property by saying that incumbrances exist, without stating their amount, the issuing of the policy is a waiver of any objection to the answer on the ground of insufficiency; and the whole amount of incumbrance is immaterial if the plaintiffs are in possession under a first mortgage, which is for a greater sum than the amount of the insurance.

The fact that a third person, interested in the property, has previously obtained insurance in the name of the plaintiffs, but without their knowledge, will not avoid a policy, although the by-laws annexed thereto provide that if a previous policy exists and is not disclosed the policy shall be void.

When a policy recites that the amount insured is not more than three fourths of the value of the property, " as appears by the proposal of the insured," and the application of the insured contains a valuation of the property, the policy is a valued policy.

CONTRACT on two policies of insurance dated September 19, 1857. The first policy insured the plaintiffs in the sum of $600 on their shop and dwelling-house in Methuen; and the second in the sum of $1,000 on their dwelling-house in the same town. The plaintiffs claimed for a total loss, and the fact of the loss within the time covered by the policy was not denied; but it was denied that the plaintiffs had any insurable interest in any part of the property described. At the trial in this court the plaintiffs introduced in evidence the two policies and applications, and there rested, claiming that they had made out a *prima facie* case under the pleadings; and *Metcalf,* J., so ruled. The policies and applications described the property insured as property of the plaintiffs; and, in reply to question 10 in both applications, " Is it incumbered, and if so for what sum ? " the plaintiffs answered, " Applicants are mortgagees in possession. Other incumbrance exists." Both applications also contained a valuation of the property described; and both policies contained the following language: " The amount insured being not more than three fourths the value of said property, as appears by the proposal of the said assured."

The defendants contended that the above answer to question 10 contained a material misrepresentation of the title to the premises, and introduced evidence as follows : 1. A mortgage of the premises insured, with other property, from Alonzo Waldo to Charles Waldo, dated May 4 1837, to secure a note of $11,500 of the same date. Charles Waldo commenced an action to foreclose this mortgage in 1849, which was continued until December 1859, at which time conditional judgment was entered for $27,000. The value of the whole property covered by this mortgage, at the time of the insurance, did not exceed $11,000. 2. A mortgage of the premises insured, with other property, from George A. Waldo to Thomas P. Rich, dated September 25 1847, to secure a note of $5,000 of the same date. Rich made an entry, for the purpose of foreclosure, July

1 1850, which was recorded July 3 1850; and another entry for the same purpose, in the presence of witnesses, February 3 1851, which was recorded February 7 1851. The value of the whole property covered by this mortgage, at the time of the insurance, did not exceed $8,000. 3. A deed of the premises insured from G. A. Waldo to the plaintiffs, dated September 25 1848.

The defendants offered to prove certain false declarations of the plaintiffs, made at the time when the policies were issued, relative to their having bought up the incumbrances upon the property; but the evidence was rejected. The defendants also offered to prove that Thomas P. Rich effected an insurance in the name of the plaintiffs upon the same property, which insurance was in force at the time of the loss, and that Rich had received upon his policy the sum of $1,500. One of the by-laws annexed to the present policy was as follows : " All applications for insurance will state whether there be a previous policy on the property insured. If a previous policy exists, and is not disclosed, the policy in this company will be void." There was in each of the applications a printed question inquiring for existing insurances upon the premises, to which no answer was made. As there was no offer to prove that the plaintiffs knew of the existence of the insurance by Rich at the time of their application to the defendants, the court rejected the evidence.

The fact having been elicited on cross-examination that Jacob W. Pierce, one of the plaintiffs, paid Rich $1,000 in April 1857, upon a certain agreement between them, the plaintiffs were allowed, under objection, to prove the agreement by a letter from Rich to Pierce, and a receipt, which were as follows : —

" Boston, March 17 1857. Dear Sir : I understand your offer to be — You will give me one thousand dollars, cash, for my claim against G. A. Waldo's estate, and I am to transfer all my right and title of the same to you. You further, in consideration of this transfer, agree to give me your obligation and bond to divide with me *pro rata* all you may realize from the estate, reckoning our several claims from the dates thereof, interest on the same, and all expenses each has incurred upon them.

" You are to prosecute the claims to their settlement with all other claimants upon the estate, at the expense of estate, or at your own expense, should you not succeed in recovering any-thing. It is understood I am never to be called upon, in any case, for any expenses you may incur in the accomplishment of the above. But you are to confer with me on the best manner of disposing of the property, and to have my concurrence in the same. I accept your proposal on above terms.

" Yours truly,                              Thomas P. Rich.
" Mr. Jacob W. Pierce, 27 Commercial Street."

" $1,000. Boston, April 18 1857. Received of Mr. J. W. Pierce one thousand dollars on acct. of the Geo. A. Waldo affair, in conformity with my letter to Mr. Pierce of March 17, 1857, and as a voucher of his assent to the same.
                                          " Thomas P. Rich."

The plaintiffs then introduced in evidence, under objection, an assignment of the first mortgage above named by Charles Waldo to Jacob W. Pierce, dated March 19, 1857 ; another as-signment of the same by Waldo to Isaac D. Farnsworth, dated June 17, 1857; and another assignment of the same by Farns-worth to Pierce, dated December 7, 1859. These several as-signments are more fully referred to in the opinion of the court. The plaintiffs also introduced evidence, under objection, tend-ing to prove that, at the time of the execution of the deed from George A. Waldo to them, they executed an agreement for the reconveyance of the same; but this evidence, and the questions growing out of it, became immaterial in the final de-termination of the case.

Upon all the evidence, the judge ruled that the policies were valued policies, and that the plaintiffs were entitled to recover ; and a verdict having been rendered accordingly, the defendants alleged exceptions.

*N. W. Harmon,* for the defendants. 1. The allegation of own ership of the property was material, and necessary to be proved. 2. The plaintiffs, at the time of their application, had no interest whatever in the premises. The mortgage to Rich had been fully foreclosed. 3. If not fully foreclosed, the equity of re-

demption was worthless. 4. The defendants had no right to issue a valued policy since *St.* 1856, *c.* 252, § 31. 5. The false declarations of the plaintiffs were admissible, as part of the *res gestæ.* 6. The evidence of double insurance was admissible. See by-laws. *Barrett* v. *Union Ins. Co.* 7 Cush. 175. *Jackson* v. *Mass. Ins. Co.* 23 Pick. 418. *Liscom* v. *Bost. Ins. Co.* 9 Met. 205. *Burt* v. *People's Ins. Co.* 2 Gray, 397. 7. The facts disclose a fraudulent misrepresentation and concealment of material facts. *Smith* v. *Bowditch Ins. Co.* 6 Cush. 448. *Webber* v. *Bowditch Ins. Co.* 10 Cush. 446. 8. The plaintiffs were in possession against the legal rights of others.

*J. W. Perry & D. Saunders, Jr.* for the plaintiffs.

CHAPMAN, J. At the trial of the cause the presiding judge ruled that the plaintiffs had made a *prima facie* case, though they had offered no evidence of their title to the property insured. This ruling is objected to. It became immaterial, because the title appeared in the course of the trial by undisputed evidence. But the court are of opinion that in mutual insurance the representations of the assured, in respect to the title, stand upon the same ground with other representations. The policy may be avoided by proving their falsehood in any material part; but the legal presumption is that they are true. The ruling was therefore correct. See the opinion of Strong, J. in *Fowler* v. *N. York Ins. Co.* 23 Barb. 150.

In the application, certain questions are answered respecting the property. Question 10 : " Is it incumbered ? If so, for what sum ? " Answer : " Applicants are mortgagees in possession. Other incumbrance exists." It is objected that this answer contains a material misrepresentation. Whether this is so depends upon the true state of the title. At the time of the application, September 19 1859, the property had been mortgaged as follows : To Charles Waldo, May 4 1837, with other property, for $11,500; to Thomas P. Rich, September 25 1847, for $5,000 ; to the plaintiffs, September 25 1848. A question was raised at the trial as to the admission of evidence tending to prove a defeasance, the deed of the plaintiffs being absolute on its face but the opinion of the court makes that evidence immaterial.

Rich made two entries to foreclose his mortgage ; one in 1850, the other in 1851.   Under the last entry his foreclosure was perfected ; and it is immaterial whether the first was perfected or not.   The plaintiffs' title was extinguished by the foreclosure in 1854, though both the plaintiffs and Rich did several acts afterwards tending to show that both parties believed that this mortgage was not foreclosed.   The defendants offered evidence tha Rich, in October 1856, obtained insurance on the buildings in the plaintiffs' name, though without their knowledge.

In this state of things the plaintiffs negotiated with Charles Waldo, and obtained from him an assignment of his mortgage, March 19 1857.   This was made to Pierce, one of their firm, but was paid for by their joint funds.   They were then negotiating with Rich for the purchase of his interest.   Two days before, he had written Pierce a letter agreeing to sell him his interest for $1,000 cash, and a further contingent sum, depending on the price which should be obtained on a sale of the land.   It was to be a *pro rata* share on all the mortgages, thus admitting the validity of all.   On the 18th of April the $1,000 was paid him by the plaintiffs.   From this time the title stood as follows : The legal title as mortgagee was in Pierce, in trust for the other plaintiffs and himself.   The right of possession followed, and there is no pretence that Rich ever interfered with it afterwards. A suit had long been pending to foreclose the Charles Waldo mortgage, and was afterwards prosecuted to judgment, apparently because the parties supposed the Rich mortgage had not been foreclosed, and that there was an equity of redemption still existing in some person.   In June, the plaintiffs took a second assignment to Farnsworth, their clerk; but it was inoperative, as the title was already in Pierce.

The court are of opinion that, the plaintiffs being in possession, and Pierce being the legal assignee of the mortgage, in trust for them all, the answer contained no misrepresentation that should avoid the policy.   The lien of the defendants on the property insured was as perfect as if all had been assignees of the legal title.   The answer that other incumbrances existed was true.   It is objected that the answer was insufficient, be-

cause it did not state the incumbrances more fully; but it is settled that the issuing of a policy upon the representations made is a waiver of such an objection. *Hall* v. *People's Ins. Co.* 6 Gray, 185. *Allen* v. *Charlestown Ins. Co.* 5 Gray, 389. *Liberty Hall Ass'n* v. *Housatonic Ins. Co.* 7 Gray, 261.

The defendants' position, that they were deceived and defrauded because of the great amount of the mortgages, is untenable. It is based on the idea that the plaintiffs were in possession under their own mortgage only, and subject to the mortgages of Rich and Charles Waldo. If this had been so, and their insurance had been upon their interest under a third mortgage, the objection would have had force. But as they were in under the first mortgage, which gave them an unincumbered interest several times greater than the amount of the insurance, the amount of the mortgages was not material. The insurance had relation to the value of the buildings, and not to the cost of the whole property. The state of the title, as admitted by the parties, makes the parol evidence which was offered by the defendants to prove fraud wholly immaterial. The fact that Rich obtained insurance on the property in the name of the plaintiffs, and without their knowledge, was equally immaterial, because it could not prejudice their claim.

It was correctly ruled that this was a valued policy. It was such in the sense in which that term is applied to policies of fire insurance. *Borden* v. *Hingham Ins. Co.* 18 Pick. 523. *Fuller* v. *Boston Ins. Co.* 4 Met. 206. *Holmes* v. *Charlestown Ins. Co.* 10 Met. 211. *Phillips* v. *Merrimack Ins. Co.* 10 Cush. 350.

Upon these principles and the admitted facts, the jury were properly instructed that the plaintiffs were entitled to recover.

*Exceptions overruled*