JOSEPH HUMBLE, *Appellee*, v. THE GERMAN ALLIANCE
INSURANCE COMPANY, *Appellant*.

No. 17,136.

SYLLABUS BY THE COURT.

1. PRACTICE, DISTRICT COURT—*Power to Act on Referee's Report
—New Trial.* It is competent for a court, which appoints a
referee, to review, modify or correct the referee's report, or to
set it aside and grant a new trial of the case, and this may be
done although no exceptions are filed before the referee or
motion for a new trial presented to him.

2. ——— *Erroneous Findings of Referee—Duty of Court to Set
Aside—New Trial.* It is the duty of the court to set aside the
report of the referee and grant a new trial when it appears
that the findings of the referee are contrary to the evidence,
or his findings and decision are contrary to law, or where it
appears that a reasonably fair trial has not been had, or
substantial justice has not been done.

3. NEW TRIAL—*Appeal—Proceedings Complained of Not Pre-
sented for Review—Presumption.* On an appeal from an
order granting a new trial, because the decision was contrary
to the evidence and the law, in a case wherein a reference was
had, and where the evidence and the proceedings before the
referee are not brought up on the appeal, it will be presumed
that sufficient grounds existed to warrant the trial court in
granting a new trial.

4. FIRE INSURANCE—*Subsequent Policy Not Ratified by Insured
—Forfeiture.* Where a fire insurance policy is conditioned to
be void if the insured now has or shall hereafter procure any
other contract of insurance on the property without the con-
sent of the insurer indorsed on the policy, and there is a loss,
the fact that insurance had been taken out by others, without
the knowledge or consent of the insured, and which was not
thereafter ratified by the insured, will not operate as a for-
feiture of the insurance nor affect the insured's rights under
the policy.

5. ——— *Encumbrances — Failure of Company to Inquire —
Good Faith of Assured.* Where a policy, containing a clause
prohibiting encumbrances, is issued on an oral application
and no inquiries are made as to mortgages or encumbrances
on the property, and no representations in regard to the
encumbrances are made, and the insured does not intentionally
conceal the facts, and is not guilty of any misleading conduct

the existence of a mortgage on the property will not invalidate the policy nor prevent a recovery from the insurer.

Appeal from Cherokee district court.   Opinion filed June 10, 1911.   Affirmed.

*A. D. Neale, M. A. Fyke,* and *E. L. Snider,* for the appellant.

*Ira Heaton,* and *J. N. Dunbar,* for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.:    Error was predicated on a ruling of the district court granting appellee a new trial in an action wherein a referee had made findings in favor of appellant.

William Humble, the owner of a colliery, caused it to be insured by the German Alliance Insurance Company for $900, and the policy issued by the company provided that the loss should be paid to Joseph Humble, the appellee, who held a mortgage on the property for $1100.   The policy contained a clause to the effect that it should be void if the insured had or should procure other insurance on the property and, also, a clause that an encumbrance on the property by a mortgage would render the policy void unless an agreement to encumber was indorsed on it.   Shortly after the policy was issued the property was destroyed by fire and, as the loss was not paid, this action was brought by Joseph Humble, the mortgagee.   The insurance company answered that the property was insured in the Commercial Union Insurance Company for the benefit of the Columbus Coal Company at the time the policy in question was issued and that the same coal company had a chattel mortgage on the property for $2500, and that William Humble failed to divulge the fact of the existence of the other policy of insurance, or the 2500-dollar mortgage mentioned.   In reply, Joseph Humble alleged that the additional policy of insurance had expired before the issuance of the policy in suit and that the chattel mort-

gage of the coal company was not a binding obligation. The case was referred, by agreement of parties, and the referee, who was empowered to try all questions of fact and law in the case, heard the evidence and found that there was other insurance on the property when the policy was issued, of which the insurance company and its agent knew nothing until after the fire, and that there was in force a chattel mortgage on the property in favor of the coal company when the policy in question was issued. Based on these findings of fact the referee concluded that Humble was not entitled to recover on the policy. The district court set aside the report of the referee and granted Humble a new trial, and from this ruling the insurance company appeals.

The court granted the motion for a new trial for the reason that the report of the referee was not sustained by sufficient evidence and was contrary to law. The appellant asks a reversal of this ruling without bringing up the evidence which the trial court, upon examination, found to be insufficient. The argument of appellant proceeds on the theory that because the record does not show that exceptions were filed with the referee and that no motion for a new trial was presented to him the court was concluded by his findings and conclusions and there was nothing for it to do but confirm his report.

It has been determined that the referee is merely an officer of the district court and that it has full authority over the referee and his report. The court has power to review, modify or correct his findings and decision. It may confirm or set aside the report and it may grant a new trial upon any of the statutory grounds. The decision of a referee is open to review by the court in the same manner and for the same reasons as the findings of the court itself, and if a finding or decision is found to be contrary to the evidence, or if erroneous rulings have been made by the referee, or if any of the grounds for a new trial are found to exist, it is the

duty of the court to set aside the report and grant a new trial. This may be done upon an examination of the report and the evidence without exceptions having been filed with the referee and without the presentation of a motion for a new trial to him. (Civ. Code, §§ 300, 305; *Kelley v. Schreiber*, 82 Kan. 403; *Cobe v. Coughlin*, 83 Kan. 522.)

Courts are vested with a large discretion in granting new trials, and it has been decided that they should be granted whenever it appears to the court that a reasonably fair trial has not been had or substantial justice has not been done. (*City of Sedan v. Church*, 29 Kan. 190.) In the same case it was said that when the trial court has granted a new trial the order will not be reviewed by the supreme court unless it is shown "beyond all reasonable doubt that the trial court has manifestly and materially erred with reference to some pure, simple and unmixed question of law, and that except for such error the ruling of the trial court would not have been made as it was made, and that it ought not to have been so made." (p. 192. See, also, *Coal and Mining Co. v. Stoop*, 56 Kan. 426.)

The sufficiency of the evidence appears to have been challenged, and if, when the evidence was examined by the court, it found that the findings of the referee were against the weight or preponderance of the testimony it became its duty to set his findings and report aside. If the verdict of a jury does not meet the approval of the trial court it is not allowed to stand, and neither should the findings of a referee be confirmed unless the trial judge, acting on his own judgment, determines that it is sustained by the evidence. In the absence of the evidence it must be presumed that the findings were contrary to the evidence, or else that erroneous rulings were made by the referee and that his report was therefore contrary to law.

Neither can it be held that the appellant was entitled to judgment on the pleadings because of any concessions

made by the appellee. While the policy in suit contained a provision that it should be void "if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy," unless an agreement to that effect was endorsed on the policy, and while other insurance appears to have been taken out on the property, it does not necessarily follow that the policy in suit was thereby forfeited. Although it is alleged that other insurance was taken out on the property, it is not even alleged by appellant that the insured procured another policy of insurance on the property or had anything to do with procuring it. In the reply appellee alleged specifically that the insured at no time made or procured any other contract of insurance on the property, except one which had expired, and it appears that testimony to that effect was offered. It was claimed, too, that as soon as the insured learned that other insurance had been taken out on the property he repudiated it and requested its cancellation. If insurance was taken out on the property without the consent or knowledge of the insured, as is contended by appellee, and there was no acquiescence in or ratification of it by the insured, such insurance would not be a violation of the quoted clause making additional insurance a ground of forfeiture nor would it prejudice his right of recovery. (*London & Lancashire Fire Insurance Co. v. Turnbull & Co., &c.*, 86 Ky. 230; *Westchester Fire Ins. Co. v. Foster*, 90 Ill. 121; *Nelson v. Ins. Co.*, 120 N. C. 302; *Nichols & Others v. Fayette Mutual Fire Insurance Company*, 83 Mass. 63; *Knight v. Eureka Fire and Marine Ins. Co.*, 26 Ohio St. 664; *Cannon v. Insurance Co.*, 49 La. Ann. 1367; *Church of St. George v. Sun Fire Office Ins. Co.*, 54 Minn. 162; *Lumber Exchange v. Ins. Co.*, 183 Pa. St. 366.)

If the testimony in the case supported the contention of appellee, the findings of the referee were not war-

ranted and there was good ground for the action of the court in awarding a new trial.

That there was an existing encumbrance on the property when the policy in suit was issued was denied by appellee and appears to have been a disputed question of fact at the trial. In the absence of the evidence it may be assumed that the court ruled that the findings of the referee on this point were not sustained by the evidence. It was claimed that the contract between the insured and the coal company, in connection with which a mortgage was given, had been abrogated and that a mortgage under the new agreement had not been executed. Aside from that there is an allegation and contention by appellee that the application for the insurance in question was oral, that no questions were asked the insured as to encumbrances or additional insurance and that no representations as to these things were made by the insured or by anyone for him. If this be true, and there was no fraudulent concealment of the fact, the existence of a mortgage on the property would not necessarily invalidate the policy. It has been said:

"The issuing of a policy on an application which without fraud contains no answer to certain questions is a waiver of answer to those questions, even though in answer to another question the insured may have said there were 'no other circumstances affecting the risk'; and to avoid the policy in such cases the insurers must prove untrue statements other than those inquired about." (1 May, Ins., 4th ed., § 166.)

Volume 1 of the second edition of Wood on Fire Insurance states the rule as follows:

"When no inquiries are made, the intention of the assured becomes material, and in order to avoid the policy, they must find, not only that the matter was material, but also that it was intentionally fraudulently concealed." (p. 517.)

Other authorities to the same effect are: *Ins. Co. of*

*North America v. Bachler,* 44 Neb. 549; *Hall v. Insurance Co.,* 93 Mich. 184; *O'Brien v. Ohio Ins. Co.,* 52 Mich. 131; *Dooly v. Hanover Fire Insurance Co.,* 16 Wash. 155; *Washington Mills Manuf. Co. v. Weymouth Ins. Co.,* 135 Mass. 503; *Clark et al. v. Manufacturers' Ins. Co.,* 49 U. S. 235.

The judgment of the district court is affirmed.