No. 18,534.

JOSEPH HUMBLE, *Appellee*, v. THE GERMAN ALLIANCE INSURANCE COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

1. INSURANCE — *Special Questions* — *Refusal to Submit* — *Not Prejudicial Error.* The refusal of a request for a special finding, which if made could have had no material effect upon the result unless considered in connection with another which was not requested, is not substantial or prejudicial error.

2. SAME — *Rules Touching Incumbrances and Additional Insurance.* The rules of law touching incumbrances and additional insurance on property covered by the policy sued on announced in *Humble v. Insurance Co.,* 85 Kan. 140, 116 Pac. 472, followed.

Appeal from Cherokee district court; EDWARD E. SAPP, judge. Opinion filed January 10, 1914. Affirmed.

*A. D. Neale,* of Chetopa, *M. A. Fyke,* and *E. L. Snider,* both of Kansas City, Mo., for the appellant.

*Ira Heaton,* and *J. N. Dunbar,* both of Columbus, for the appellee.

The opinion of the court was delivered by

WEST, J.: When this case was here before (*Humble v. Insurance Co.,* 85 Kan. 140, 116 Pac. 472) it was held that the policy was not avoided by additional in-

surance taken out by another without the knowledge, consent or ratification of the insured, and that a provision prohibiting incumbrance does not invalidate a policy issued on oral application when no inquiries or statements are made regarding incumbrances and there is no concealment or misleading conduct on the part of the insured. The company appeals from a judgment resulting from a retrial. The action was brought by a mortgagee to recover on a policy issued March 25, 1908, to the owner, loss payable to the mortgagee as his interest should appear, subject to all the stipulations, provisions and conditions in the policy. It was contended by the defendant that when the policy was issued there was a chattel mortgage on the property and other insurance procured by the owner, each of which, by the terms of the policy, avoided the insurance. The plaintiff denied that he had procured any other insurance on the property, and alleged that a former chattel mortgage had been superseded by a subsequent agreement and therefore the property was unincumbered. He alleged that when the policy in suit was taken out it was on a verbal application, and that no representation was made by the owner with reference to any incumbrance or any other insurance on the property, and that no questions were asked with reference thereto. The court found that there was other insurance, but that it was not taken out by the owner or with his knowledge, consent or acquiescence, and that when he learned of it he directed its cancellation. No direct finding was made as to the alleged incumbrance, but its existence might be inferred from the language of a finding which was made. The defendant requested the court to find whether, at the time of the issuance of the policy, there was other insurance upon the property, and this was properly refused because it was covered by the findings made. Request was also made to find whether there was a mortgage upon the property and whether the agent of

the defendant made any inquiry of the insurer as to other insurance or incumbrance upon the property. The finding last mentioned was within the issues, and evidence was introduced pro and con, and it should have been made. Others were requested and refused, but we deem them immaterial. But had the one improperly refused been made it would have been without effect in and of itself. Had it been found that the defendant's agent did make inquiry of the insured, this fact could have no particular bearing on the result unless it were further found what answer was made to such inquiry, and this was not asked for. And in view of the evidence and the result reached by the court, had such a finding been requested and made we must conclude that it would have been unfavorable to the defendant, as the other findings which were made indicate that the plaintiff's version of the matter must have been taken as the correct one. While a party has the right to answers to special questions on material matters within the issues, and their refusal is error and usually material error, as in *A. T. & S. F. Rld. Co. v. Ayers*, 56 Kan. 176, 42 Pac. 722, still in this instance it appears from the record that had the one requested finding to which the defendant was entitled been made either way it would have been supported by evidence, and unless followed by another finding not requested it could have had no effectual significance, and hence can not be said to have been material to the case, as were the questions discussed in the Ayers case (p. 180). Its refusal, therefore, was not substantial or prejudicial error. (38 Cyc. 1910; *Miner v. Vedder*, 66 Mich. 101, 33 N. W. 47.)

Complaint is made of sustaining an objection to a certain question on cross-examination of the owner touching a subsequent settlement of other alleged insurance and the refusal of an offer to prove by him an adjustment thereof. But an examination of the abstracts shows that the question and offer were so

confused with what was said to have been theretofore stated in the case that no error is manifest in the ruling made.

The principal contentions on the trial concerned the questions of an incumbrance and additional insurance on the property, and the law as announced in the former decision applies to the findings and conclusion of the trial court and need not be restated.

The judgment is affirmed.