No. 25,587.

FLOYD AKERS, *Appellee,* ·v. THE FARMERS ALLIANCE INSURANCE COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

FIRE INSURANCE—*By-laws—Encumbered Property.* A mutual fire insurance company issued a policy covering personal property which was subject to chattel mortgage. The written application for insurance contained no questions and answers, and made no reference to the subject of encumbrance on the property. When the application was made, nothing was said by the company's solicitor or by the applicant about encumbrance on the property. When issued, the policy was delivered to the solicitor for the insured, who did not call for it or read it until after the property had been destroyed . by fire. A statute authorizes mutual fire insurance companies to adopt by-laws, provides that a copy of the by-laws shall be attached to each policy, and provides that the by-laws shall form part of the contract between insurer and insured. The policy was in due form, and attached to it was a by-law of the company providing that, in the absence of agreement indorsed on the policy, it should be void if the subject of insurance were personal property encumbered by mortgage. No such agreement was indorsed on the policy. *Held,* the policy was void.

Appeal from Linn district court; EDWARD C. GATES, judge. Opinion filed April 11, 1925. Reversed.

*Stephen H. Allen, Otis S. Allen,* and *George S. Allen,* all of Topeka, for the appellant.

*John A. Hall,* of Pleasanton, and *W. W. Edeburn,* of Mound City, for the appellee.

16—118 KAN.

The opinion of the court was delivered by

BURCH, J.:   The action was one to recover on a fire insurance policy covering stacked grain which burned.   Plaintiff prevailed, and defendant appeals.

The company is a mutual fire insurance company, organized and operating pursuant to statute which authorizes adoption of by-laws (R. S. 40-436), a printed copy of which must be attached to each policy, and which form part of the contract between insurer and insured (R. S. 40-441).   A by-law of the company provides that in the absence of agreement indorsed on the policy, the policy shall be void if the subject of insurance be personal property encumbered by chattel mortgage.   Plaintiff's written application for insurance contained no questions and answers and made no reference to interest of the insured in the property or encumbrance upon it.   When the application was made nothing was said by the company's solicitor or the applicant about title or encumbrance.   When the policy was issued it was delivered to the solicitor for the insured.   The insured did not call for the policy or read it until after the fire.   The property was covered by chattel mortgage and no agreement to insure it was indorsed on the policy.   The court reformed the policy by striking out the by-law, and the insured recovered on the reformed instrument.   There was evidence the insured was mentally subnormal, but he seems to have had wit enough to rent land, to plant and harvest grain, to borrow money by means of chattel mortgage on the crop, and to insure the crop.

In the case of *Humble v. Insurance Co.*, 85 Kan. 140, 116 Pac. 472, a referee found in favor of the insurance company.   The district court granted Humble a new trial, and the insurance company appealed.   The application for insurance was oral, nothing was inquired or said about encumbrances, and the policy was issued containing the standard provision relating to encumbrances.   The subject of insurance was encumbered by chattel mortgage.   The syllabus reads:

"Where a policy containing a clause prohibiting encumbrances is issued on an oral application and no inquiries are made as to mortgages or encumbrances on the property, and no representations in regard to the encumbrances are made, and the insured does not intentionally conceal the facts, and is not guilty of any misleading conduct, the existence of a mortgage on the property will not invalidate the policy nor prevent a recovery from the insurer." (Syl. ¶ 5.)

The judgment of the district court granting a new trial was affirmed, the case was retried, Humble recovered, and the insurance company again appealed. (*Humble v. Insurance Co.*, 91 Kan. 307, 137 Pac. 980.) The judgment of the district court was again affirmed. A rehearing was granted, and a majority of the court, adhering to the judgment of affirmance, concurred in a brief opinion, which follows:

"On rehearing it is earnestly insisted that the property insured was already encumbered, and that on this account upon principle and by the weight of authority the plain terms of the policy—standard form—relieve the company from liability. The majority of the court, however, are of the opinion that, until the legislature shall prescribe the terms and effect of a policy, the insured who is asked [nothing] and who answers nothing respecting encumbrances on the property, and who pays his money in the belief that he is procuring insurance, should not be held bound by the encumbrance clause." (*Humble v. Insurance Co.*, 92 Kan. 486, 141 Pac. 243.)

The decision is not controlling in the present case, but it may be noted that it is contrary to the clear weight of authority. (26 C. J. 184.) Another list of cases may be found in 28 A. L. R. 808 and following pages. Neither Corpus Juris nor the A. L. R. note disclose fully and correctly the state of the law on the subject, a scientific treatment of which would account for and narrow the ground of difference in judicial opinion.

The present case is not one in which the terms of the application and the policy differed, through fault of the company from those agreed on by the insured and the company's solicitor when the application was made. The negotiations did not extend to the subject of encumbrance on the property. Likewise, the case is not one involving misrepresentation, concealment or nondisclosure on the part of the insured. The subject of encumbrance on the property was withdrawn from the category of inducement to contract, and was made one of policy provision. Mortgaged chattels are not insured unless the policy bears an indorsement bringing them within the scope of the contract. Also, the case is not one in which the policy was issued after the company had information that the property was mortgaged, and record of the mortgage did not afford constructive notice. The company was insuring the grain, not buying it, and was not among those who, on account of the registration statute, must search the records. (R. S. 58-301.)

Without any statute on the subject, the company was not forbidden to insert in the policy ordinary provisions common to such

instruments, although not embraced in the application. (*Blunt v. Fidelity and Casualty Co.*, 145 Cal. 268, 270.) The insured was bound to know the policy would be in the form usually issued by the company. (*Insurance Co. v. Darrin*, 80 Kan. 578, 582, 103 Pac. 87.) This rule has special application to policies issued by mutual companies to members. It is not expected the application will contain all the terms and conditions of the policy to be issued. (*Commonwealth, &c., Ins. Co. v. Knabe Co.*, 171 Mass. 265, 270.) The fact that the application is brief and contains no reference to essential matters shows it was not intended to be a full exposition of the contract. (*Ginners' Mut. Underwriters' Ass'n v. Fisher*, [Tex. Civ. App.] 222 S. W. 285, 287.) Members of mutual fire insurance companies are presumed to have knowledge of the company's by-laws affecting validity of policies issued (*Wilson v. Union Mutual Fire Ins. Co.*, 77 Vt. 28), and of the conditions of insurance as determined by the by-laws (*Goldberg v. Seneca, Sigel & Rudolph M. F. Ins. Co.*, 170 Wis. 116). When the charter of a mutual company contains a provision limiting risks to instances in which the insured has unencumbered fee simple title to the buildings insured, and the charter is made a part of the contract of insurance, members are not permitted to plead ignorance of the provision (*Ill. Mutual Fire Insurance Co. v. Marseilles Manufacturing Co.*, 6 Ill. 236), and in all cases in which a mutual company is authorized to make by-laws which become a part of the contract of insurance, the by-laws are as binding as the policy itself. (*Douville v. Farmers' Mut. Fire Ins. Co.*, 113 Mich. 158; *Swett v. Antelope County Farmers Mutual Ins. Co.*, 91 Neb. 561; *Brenn v. Insurance Co.*, 103 Kan. 517, 175 Pac. 383.)

In the case of *Van Buren v. St. Joseph Co. Village Fire Ins. Company*, 28 Mich. 398, the policy embraced the by-laws of the association, which provided the policy should be void if the property insured were mortgaged for more than half its value. The written application, also made a part of the policy, contained no questions or answers relating to value of the property or encumbrances upon it. Justice Christiancy, delivering the opinion of the court, said:

"Under the charter and by-laws of this company, of which the plaintiff, with all others insuring in it, became a member, and to which he and they assented as the law of their association and a fundamental principle of the contract of insurance, it was unnecessary for the company to enter upon this inquiry. Everyone applying for and receiving insurance was himself, by this fundamental article of his own agreement, bound to know whether the property

he was getting insured was mortgaged to more than half its value, etc., and that if so mortgaged he had no right to have it insured in the company, and solemnly pledged himself that it should not be, and that the insurance would be void, and could not be held valid, without allowing him, in violation of his agreement with them, to commit a legal fraud upon his associates, by compelling them to assume a risk in his behalf which he, as a condition of membership, and by the act of becoming a member, had agreed they should not assume. He was bound to know that the obligation of ascertaining whether the property was thus mortgaged did not rest upon the company, but that he must decide it for himself at his own peril (at least unless he informed them of the exact amount of the incumbrances, and of his own estimate of the value, and asked them to determine its value, and they should do so for themselves)." (p. 409.)

The doctrine of the Michigan case must be accepted as sound, or the statute relating to fire insurance by mutual companies amounts to nothing. It is true that when the application was signed the applicant was not a member of the company and the application made no reference to the by-laws. (See *Broady v. Fire Association,* 94 Kan. 245, 146 Pac. 343.) The applicant cannot, however, accept and enforce the policy free from the law governing its issuance, or "keep the policy and avoid the by-laws." (*Smith v. Insurance Co.,* 82 Kan. 697, 703, 109 Pac. 390.)

The statute relating to by-laws of mutual insurance companies authorizes such by-laws as the directors may adopt, not in conflict with the constitution or laws of the state. (R. S. 40-436.) It may be assumed such by-laws must be reasonable and pertinent to the company's business. The by-law under consideration is of that character. It adopts the encumbrance provision of standard-form policies. The statute provides not merely that by-laws shall be attached to every policy issued, but that the by-laws "shall become a part of the contract between the insurer and the insured." (R. S. 40-441.) The result is that, by authorizing by-laws, requiring them to be attached to each policy issued, and making them part of the contract of insurance, the legislature has done just what was suggested in the Humble case. For all purposes of the law, the legislature has prescribed the terms and effect of mutual fire insurance policies. In this instance the contract contained the staple encumbrance provision, and notwithstanding the fact the insured was asked nothing and said nothing about a chattel mortgage on his grain when he applied for insurance, he is bound by his contract.

The judgment of the district court is reversed, and the cause is remanded with direction to enter judgment for defendant.