No. 31,890

Carl Nowak, *Appellee*, v. The City of New York Insurance Company, *Appellant.*

(42 P. 2d 954)

Opinion filed April 6, 1935.

*Charles I. Sparks* and *Clarence R. Sparks,* both of Goodland, for the appellant.

*Frank J. Horton* and *Forrest J. Horton,* both of Goodland, for the appellee.

The opinion of the court was delivered by

Hutchison, J.: The question here involved is the validity of a fire insurance policy containing the usual provision that it shall be void if the personal property insured shall be encumbered by a chattel mortgage or the fact of its being so encumbered be concealed from the insurance company, when no inquiry was made by the insurer as to encumbrances and no misrepresentations were made by the insured.

The plaintiff was a tenant owning an undivided two-thirds interest in 147 acres of growing wheat on July 7, 1931, and the remaining one-third interest therein belonged to the landowner. An agent of the defendant insurance company saw the landowner and tenant together and went with them to the wheat field, examined the crop, wrote and signed the application himself, and two days later when the premium was paid handed to plaintiff a policy covering

the combined interests in the wheat crop of both parties. The policy covered a period of two months only, but the wheat was entirely destroyed by fire within that time, after it had been harvested and stored in a private granary. The company paid the landowner for his share of the loss, but refused to pay the tenant because it had learned after the fire that there were two chattel mortgages on his share of the crop at the time the policy was written and at the time of the fire.

The tenant commenced this action to recover his share of the loss, attaching to his petition a copy of the policy which provided that the policy would be void "if the subject of insurance be personal property and be or become encumbered by a chattel mortgage," and further, that "this entire policy shall be void if the insured has concealed or misrepresented in writing or otherwise, any material fact or circumstance concerning this insurance or the subject thereof; or if the interest of the insured in the property be not truly stated therein." The answer pleaded as a defense the provisions contained in the policy, as above stated, and also set out the names of two parties who held separate mortgages for substantial amounts on the tenant's share of the wheat, which had been executed prior to the giving of the policy of insurance and existed as encumbrances thereon at the time of the fire. The reply admitted there were statements in the policy similar to those pleaded in the answer and that the two mortgages mentioned existed as stated in the answer, but denied all other allegations of the answer.

After the introduction of evidence by plaintiff the defendant demurred thereto, which was overruled, and the jury rendered a verdict for plaintiff for $510.59, and the court rendered judgment thereon after overruling defendant's motion for a new trial.

The evidence of plaintiff was mainly to the effect that he had not been asked by the agent of defendant anything about mortgages or encumbrances upon the wheat.

Appellant insists that it was error for the trial court to overrule its demurrer to the plaintiff's evidence and its motion for a new trial, urging that the case of *Humble v. Insurance Co.*, 85 Kan. 140, 116 Pac. 472, on which the appellee strongly relies, should not be controlling in this case for the reason "that it is contrary to the clear weight of authority," and for the further reason that in that case the existence of a mortgage was a disputed question of fact. In the Humble case it was held:

"Where a policy, containing a clause prohibiting encumbrances, is issued on an oral application and no inquiries are made as to mortgages or encumbrances on the property, and no representations in regard to the encumbrances are made, and the insured does not intentionally conceal the facts, and is not guilty of any misleading conduct, the existence of a mortgage on the property will not invalidate the policy nor prevent a recovery from the insurer." (Syl. ¶ 5.)

The same case was back again after a new trial had been ordered, and the opinion is reported in 91 Kan., at page 307, 137 Pac. 980, adhering in general to the conclusions reached in the earlier case. In both cases the existence of a mortgage was a controverted matter, but in the opinion on a rehearing of the second review, reported in 92 Kan., at page 486, 141 Pac. 243, a majority of the court adhered to the opinion previously expressed on the theory that "the insured who is asked and who answers nothing respecting encumbrances on the property, and who pays his money in the belief that he is procuring insurance, should not be bound by the encumbrance clause."

Appellee also cites other cases where the answers and information given by the insured were not correctly noted by the agent in the applications, but these cases are not strictly applicable here where no information was given by the insured about encumbrances and no questions were asked about the same by the agent, although the application signed by the agent stated there were no encumbrances on the property.

The case of *Akers v. Farmers Alliance Ins. Co.*, 118 Kan. 241, 234 Pac. 956, was under very similar circumstances and conditions. It was an action on a fire insurance policy for the loss of grain subject to a chattel mortgage. No reference was made in the written application about encumbrances and nothing was said on this subject by the agent or the insured. The defendant was a mutual company and a copy of its by-laws was attached to the policy, providing that in the absence of an agreement indorsed on the policy it should be void if the personal property insured was encumbered by mortgage. · The policy was held to be void, and judgment was rendered for the defendant insurance company. Extended reference was made in the opinion in this case to the decision on this one point in the Humble case, and the concluding sentence on the subject is as follows:

"The decision is not controlling in the present case, but it may be noted that it is contrary to the clear weight of authority." (p. 243.)

In 26 C. J. 184, after referring to the decision in the Humble case and other similar cases on this subject, it is said—

" . . . the current of authority asserts that the policy stands avoided if there is an encumbrance not disclosed and the policy contains an express condition or requirement of disclosure, although insured had no actual knowledge of the condition; and such condition is reasonable and valid."

It was said in the opinion in *Supica v. Metropolitan Life Ins. Co.,* 137 Kan. 204, 19 P. 2d 465, which was an action to collect the amount of a life insurance policy, where only a portion of the last semiannual premium had been paid when due a few months prior to the death of the insured, contrary to the provisions of the policy requiring it to be fully paid, that—

"There is no more reason why the courts should modify a plain and unambiguous insurance contract than that they should write a new contract for any other parties." (p. 208.)

In 14 R. C. L. 1062 it is stated as a general proposition that—

"A condition that an insurance policy shall not be valid if the property is mortgaged does not contravene public policy, and where there exists such a warranty an encumbrance avoids the policy."

In 28 A. L. R. 801 this subject is exhaustively treated pro and con with numerous citations leaning strongly toward the conclusion that the policy is void where it contains provisions making it void if the property is encumbered by chattel mortgage, and the insured knew of such encumbrance and failed to disclose such fact, regardless of whether any inquiry was made by the agent concerning such matter.

In 4 Couch Encyclopedia of Insurance Law, section 909, it is stated:

"In the absence of statutory prohibition a condition voiding the policy if the insured property be personalty, and shall be or become encumbered by a chattel mortgage, is reasonable and valid, or, as it has been held, conditions prohibiting encumbrances and liens upon insured personal property without the consent of the insurer, and declaring the policy void in case of a breach thereof, are not only legal and conformable to public policy, but also reasonable and proper. This follows from the fact that parties who are *sui juris* may make whatever insurance contracts they please, so long as no fraud or deception is practiced."

In *Insurance Co. v. Darrin,* 80 Kan. 578, 103 Pac. 87, where the iron-safe clause was involved in the action on the policy, it was said, in the opinion, on page 582:

"As to all terms and conditions not made the subject of previous stipula-

tion the plaintiff had the right to assume, and was bound to know, that the policy would be in the usual form issued by the defendant."

We must assume that the insured knew of this usual provision in the policy of insurance about encumbrances making the policy void, and at any rate he could have no justifiable excuse for not knowing of it after receiving the policy. If the insured knew of the existence of these mortgages on the wheat, his failure to so inform the agent, regardless of whether or not any inquiry was made by the agent, would amount to such a concealment as would under the provisions of the policy render it void. For these reasons there was error in overruling the defendant's demurrer to the plaintiff's evidence and its motion for a new trial.

The judgment is reversed, and the cause is remanded with directions to render judgment for the defendant.

HARVEY, J. (dissenting): We cannot assume the insured knew the policy he was taking out contained a clause which rendered it void if the property were encumbered. He did know it was encumbered. Why would he pay the premium on a policy he knew to be void? Rather the assumption should be that he did not know the policy contained such a clause. The only evidence on the point is to the effect that he did not know encumbrances on the property had anything to do with insuring it. The agent asked him nothing about encumbrances on the property, and did not advise him the policy was void if the property was encumbered. The insured made no false representations to the agent, either orally or in writing. The agent signed the application for the policy. This appears to be in accord with his duty as an agent. The application contained the false or inaccurate statement to the effect the property was not encumbered. How the agent happened to make this statement in the application is not shown, except that he was not induced to do so by the insured. He was the insurer's agent, not the agent of the insured, and inaccurate statements made by him in the application, not induced by the insured, should be charged to appellant, whose agent he was. The effect of this decision is to permit an insurance company to collect and retain the premium on a policy which, from the moment it was issued, was void for some reason of which the insured was not advised and did not know had anything to do with the validity of the policy. I decline to concur in the view that this is either the law or that it is just.

SMITH, J., concurs in this dissent.