No. 39,668

THE PHOENIX INDEMNITY COMPANY, a Corporation, *Appellant,*
v. WILLIAM S. ZINN, *Appellee.*

(281 P. 2d 1065)

 Opinion
filed April 9, 1955. 

*George V. Allen,* of Lawrence, argued the cause and was on the briefs for the appellant.

*W. C. Jones,* of Olathe, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

ROBB, J.: This appeal was taken from a judgment in favor of appellee on a counterclaim in what was originally a declaratory judgment action filed by appellant to determine the liability under a policy of insurance on a truck.

William S. Zinn, a married man, purchased a 1951 Chevrolet truck to use in his business. He borrowed $3,100 from his father-in-law, Fred J. Walker, and executed a note with a mortgage on the truck to secure payment of the note to Walker. The note and mortgage forms were secured from W. C. Mercer. Zinn and Walker testified Mercer made out the note and mortgage. Mercer did not deny this, but said he had only a faint recollection of it. The chattel mortgage was dated June 1, 1951, and was filed in the office of the register of deeds on January 14, 1952. Zinn paid $962.00 on this note and mortgage by checks on the Kaw Valley State Bank of Eudora, with which bank Mercer was connected.

On June 1, 1951, the truck was first insured with Delbert Richardson in Lawrence. Later a second policy was obtained from Mr. Mercer who, in addition to his banking activities, wrote insurance and was an admitted agent of appellant. Prior and subsequent to the issuance of this policy, Zinn and Mercer had discussed Zinn's progress financially and how he was getting along with payments on the truck. When application was made to Mercer for the second policy, which covered the period from May 18, 1952, to May 18, 1953, Zinn handed Mercer the certificate of title which read, in part:

"This vehicle is Subject to the Following Lien:

| "Cond. Sale | Lienholder | Fred Walker |
| "Contract | Address | Lawrence, Kansas" |

According to Zinn's testimony it was from the certificate of title

that Mercer obtained the numbers to put in the application. This was not denied by Mercer, but he stated he didn't remember it. A third policy of insurance, which covered the period from May 18, 1953, to May 18, 1954, was issued by Mercer. This was a renewal of the previous policy. Two accidents happened to the truck on May 30, 1953; the first caused approximately $35.00 damage, and the second caused almost a complete loss of the truck. The policy was a $100.00 deductible type and contained an exclusion clause as follows:

"(4) while the automobile is subject to any bailment lease, conditional sale, mortgage or other encumbrance not specifically declared and decribed in this policy."

After the two accidents, negotiations were carried on between Zinn and representatives of the appellant but were to no avail. Zinn had put $334.76 worth of extras on the truck and just prior to the accident the truck had a value of $2,500 to $2,600. He had owned the truck two years and twelve days. It had 90,000 miles on it before the accidents. After the accidents it was worth approximately $500 or $600. Appellant's representative received an offer from Zinn on September 17, 1954, after he had furnished the required proof of loss, to arbitrate in accordance with the terms of the policy. This declaratory judgment action to construe the policy was also filed on September 17, 1954.

Appellant's petition admitted the issuance of the policy of insurance and set out the exclusion clause (4), the mortgage to the Walkers in the amount of $3,100, the failure of Zinn to declare the mortgage to appellant, the accidents which damaged the truck; alleged appellant had no remedy at law; and finally, asked for a declaratory judgement decreeing the policy void by reason of the undisclosed mortgage.

The insurance policy, which did not set out any mortgage, conditional sales, or lien of any kind on the truck, provided as follows under "CONDITIONS," paragraph 19:

"If the named insured and the company fail to agree as to the amount of loss, each shall, on the written demand of either, made within sixty days after receipt of proof of loss by the company, select a competent and disinterested appraiser, and the appraisal shall be made at a reasonable time and place. The appraisers shall first select a competent and disinterested umpire, and failing for fifteen days to agree upon such umpire, then, on the request of the named insured or the company, such umpire shall be selected by a judge of a court of record in the county and state in which such appraisal is pending. The

appraisers shall then appraise the loss, stating separately the actual cash value at the time of loss and the amount of loss, and failing to agree shall submit their differences to the umpire. An award in writing of any two shall determine the amount of loss. The named insured and the company shall each pay his or its chosen appraiser and shall bear equally the other expenses of the appraisal and umpire.

"The company shall not be held to have waived any of its rights by any act relating to appraisal."

Appellee filed an amended answer admitting all allegations of the petition except that he denied his failure to declare the mortgage and denied that appellant had no remedy at law. Appellee's amended answer further stated that he was a married man at all times pertinent to this case, the truck was exempt for the reason it was used in his business, his wife did not sign the mortgage, and the mortgage had always been null and void.

Appellee's cause of action then followed his answer. He first alleged the facts as hereinbefore set out and further stated:

He had shown the certificate of title to Mercer, whereby appellant was estopped from claiming and waived any right to claim that the policy was void because of knowledge imparted to Mercer by the certificate of title; (appellee then repeated for his cause of action what he had before stated in his answer to show the mortgage was void because the truck was exempt property and his wife had not joined in the mortgage) there was damage of $2,200 on the basis of the value of the truck immediately before and after the accident; appellee had paid all insurance premiums due; and, finally, he set out attorney fees in the amount of $350.00.

A demurrer was filed by appellant to appellee's cause of action and a journal entry dated January 8, 1954, was signed by the court, which overruled the demurrer. The trial court made its findings in a letter wherein it was stated:

"Plaintiff requests a declaratory judgment under Section 60-3127 of the Statutes of Kansas. It requests determination of questions which are, or might have been, a defense to defendant's cause of action. Plaintiff cannot abate or delay defendant's legal redress by 'beating him on the draw' and filing his action first. The declaratory judgment act is remedial in character and is to be 'Liberally construed and administered, with a view of making the Courts more serviceable to the people.' Section 60-3132. *They were* not intended to provide an addition or preliminary action, and thereby an avenue for multiplicity of suits. *B. L. & S. Assn. v. Groyum,* 136 Kansas 418, 423; *Hudson v. Travelers Ins. Co.,* 145 Kansas 732; *Rutland Savings Bank v. Steele,* 155 Kansas 667.

"Plaintiff argues that defendant does not allege plaintiff has refused to arbitrate so as to come under the rule in *Cowles v. Conn. Fire Ins. Co.,* 113

Kansas 532. Defendant states that 'he has performed all of the other obligations under said policy of insurance to be performed by the defendant in this action. . . . ' "

Notice of appeal from the ruling on the demurrer was filed on January 18, 1954. A general denial was filed by appellant, a jury was waived, and the matter was submitted to the court.

The following named witnesses qualified and testified as follows as to the value of the truck:

Harry Edwards, garageman for eighteen years, from Eudora—value of truck before accident was $2,600 and after was $500.

Ralph Bolton, shop foreman, Morgan Mack Motor Company, Lawrence—estimate for repairs was $1,516.00

C. F. Pattie, truck manager, Winter Chevrolet Company, Lawrence—actual cash value of appellee's truck, which he had seen, was $1,895 on May 30, 1953.

Eugene C. Long, insurance appraiser—value before was $1,700 to $1,750, value after was a total loss.

Zinn (owner)—he could have sold truck for $2,600 before the accident.

A memorandum opinion of the trial court substantially stated as follows:

The policy contained the exclusion clause (4); the policy did not apply while the automobile was subject to a mortgage not declared in the policy; the mortgage to Walker was a valid purchase money mortgage though not signed by the appellee's wife; policy which listed no encumbrances was signed by Mercer; the note and mortgage were typed up by Mercer; the policy originally was written by Mercer; a renewal policy was later issued; when the policy was originally written, appellee handed Mercer the certificate of title, from which the identification of the truck was taken; the certificate of title showed the lien, but the lien was not stated in the policy; the recital on the title was notice to Mercer by which he was bound to inquire as to whether the lien continued to exist; the policy was valid and effective at the time the loss occurred; appellee had made demand for appointment of an appraiser and appellant had filed its action, which alleged that the policy was void; the issues thus joined should be determined finally in the same manner as in a case where appellee had filed his "Cause of Action" and appellant had filed an answer alleging the policy to be void; and finally, as to damages the court found:

Reasonable value of truck before collision...................... $1,895.00
No value after collision
Damage from first collision....................... ...... ....... 40.00
Deductible amount ..........,...................... $100.00
Damage and amount of judgment............................ $1,755.00

A journal entry based on the above memorandum was signed by the trial court.

A motion for a new trial was overruled. A timely and proper appeal from the judgment and the overruling of the motion for new trial was filed on August 9, 1954. The case is, therefore, properly before us for appellate review.

Assignments of error were (1) the overruling of plaintiff's demurrer to defendant's cause of action, (2) the rendering of judgment for defendant on plaintiff's petition, (3) the finding of the value of the damaged vehicle, and (4) the overruling of the motion for new trial.

Appellant was diligent in this case to apply for a declaratory judgment in order to determine its liability under the policy of insurance. It cannot later demur to a cause of action in favor of appellee and set out by him in his answer filed in the declaratory judgment action. A declaratory judgment not only covers the point set out in the application, but it is covered by G. S. 1949, 60-3128 which reads:

"Declaratory judgments may be obtained and reviewed as other judgments, according to the code of civil procedure,"

and by G. S. 1949, 60-3129, which reads:

"Further relief based on a declaratory judgment may be granted whenever necessary or proper. The application shall be by petition to a court having jurisdiction to grant the relief. If the application be deemed sufficient, the court shall, on reasonable notice, require any adverse party whose rights have been adjudicated by the declaration of right, to show cause why further relief should not be granted forthwith."

There can be no question concerning the fact that G. S. 1949, 60-3129 prescribes a method by which further relief than mere interpretation may be obtained. In view of these circumstances, appellant is in no position to complain concerning the fact that judgment was rendered pursuant to the pleadings, admissions, and facts. (*Rutland Savings Bank v. Steele*, 155 Kan. 667, 673, 127 P. 2d 471.) After a careful study of the policy, we cannot conclude, as appellant contends, that paragraph 19 of the "CONDITIONS" created a condition precedent to an action by the insured on the policy. This paragraph has already been set out in our opinion. The language

contained therein is clear, unequivocal, unambiguous and plain. Something would have to be read into this paragraph to make it a condition precedent, which the trial court did not do, and we do not feel constrained so to do since no authority therefor has been cited, nor are we able to find any. There is no more reason for courts to modify a plain and unambiguous insurance contract than for them to write a new contract for any other party. (*Supica v. Metropolitan Life Ins. Co.*, 137 Kan. 204, 208, 19 P. 2d 465.)

Appellant admitted the agency of W. C. Mercer but stated that no notice of a lien on the truck was given to Mercer at the time the insurance policy was issued. Cases were cited where wheat crops were insured. In these cases there were mortgages which were not disclosed by the insured, and the policies were held to be void. (*Akers v. Farmers Alliance Ins. Co.*, 118 Kan. 241, 234 Pac. 956; *Nowak v. City of New York Ins. Co.*, 141 Kan. 571, 42 P. 2d 954.)

In *Humble v. Insurance Co.*, which was presented to this court on three different occasions, (originally reported in 85 Kan. 140, 145, 116 Pac. 472, later reported in 91 Kan. 307, 137 Pac. 980, and finally reported in 92 Kan. 486, 141 Pac. 243) a policy of insurance was issued on a colliery in which there was a question whether there was an existing valid lien as shown by the evidence. The insurance company claimed there was a lien, but the insured denied the validity of the lien, and therefore claimed there was no valid lien that would void the policy. The record before us showed no willful or fraudulent concealment of the fact of Walker's lien on the truck. On the contrary there was evidence to show that Mercer had furnished the forms for the note and mortgage, and the evidence on behalf of appellant showed that Mercer did not deny this, but said he had a faint recollection of it. There was further testimony on appellee's behalf that he had discussed his financial condition with Mercer both before and after the policy of insurance was issued by appellant, and these discussions included not only the indebtedness on the truck but also an indebtedness on some other property.

Some of the testimony on the part of appellee on the matter of the submission of the certificate of title was as follows:

"Q. Well, can you tell me where Mr. Mercer got the numbers on this truck from? A. He got them off of the title.

"Q. Did you hand the title to Mr. Mercer? A. Yes, sir,"

and on cross-examination of appellee was:

"Q. And then you just handed him the certificate of title? A. Yes."

Then the testimony on behalf of appellant by its agent Mercer was as follows:

"Q. At the time the policy of insurance in this case, do you recall any notice that there was a mortgage or encumbrance on this truck? A. I don't remember that,"

and on cross-examination was:

"Q. Take a look at Exhibit B—Exhibit D, Bill, where did you get the numbers from that you put on that insurance policy, the first one you wrote for the car in question? A. I don't know. I don't know whether it was this or something else."

In view of the foregoing, we think there was ample evidence to support the trial court's finding that appellant, through Mercer, had notice of Walker's lien on the truck.

We do not believe the question of the mortgage being on exempt property without the wife's signature merits time or space to discuss it because the trial court found it to be a purchase money mortgage.

Appellant objects to the amount of damages. We refer to the statement of facts set out herein as to the value of the truck immediately before and after the accident so far as expert testimony was concerned.

In regard to the findings and conclusions of the trial court on those matters to which appellant has made objections we need only repeat the age old rules that where there is substantial evidence to support the trial court's findings and conclusions, they will not be disturbed on appeal, and where there is conflicting evidence, the trial court's findings and conclusions are conclusive on appeal. The trier of the facts is not constrained or compelled to believe, or conversely, to disbelieve, any evidence so long as it is competent evidence. (1 Hatcher's Kansas Digest, rev. ed., App. & Err., §§ 503, 504, p. 205; § 507, p. 206; § 508, p. 208; 2 West's Kansas Digest, App. & Err., § 989, p. 589.)

It is not necessary to consider separately other matters which were discussed in the briefs since they all fall within the category of discretion of the trial court in making findings of fact and conclusions of law.

On the basis of the authorities cited, we find no error in the trial court's overruling of the motion for a new trial.

The judgment of the trial court is affirmed.