Elaine J. MOLZAHN, Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant.

No. W–3973.

United States District Court
D. Kansas.

Dec. 20, 1968.

William H. Stowell, Stowell & Stowell, Phillipsburg, Kan., for plaintiff.

Turner & Balloun, Great Bend, Kan., for defendant.

## MEMORANDUM OPINION SUSTAINING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THEIS, District Judge.

This action arises out of a claim under an insurance policy and is brought by plaintiff, Elaine J. Molzahn, spouse of the decedent, against State Farm Mutual Automobile Insurance Company, defendant. Jurisdiction is based on diversity of citizenship, with an amount in controversy of $10,000.00. The matter is now before this Court on cross motions for summary judgment. The Court finds as a preliminary matter that it has jurisdiction of the parties and the subject matter of the action.

The pleadings reveal that there was in existence on February 14, 1967, an automobile insurance policy between the decedent, Ronald E. Molzahn, and the insurer. The policy insured a 1966 2-door Pontiac, owned by decedent. On that date the decedent, in the course of his employment of delivering dairy products

to retail stores, and while driving a three-ton International vehicle owned by his employer, Fair Acres Dairy Farms, Inc., died as a result of injuries sustained in a one-vehicle accident. Thereafter, plaintiff made claim against the defendant, demanding $10,000.00 under the insurance policy; however, this demand was rejected by the defendant.

The insurance policy consists of five different insuring agreements, of which it is conceded by the parties only the fourth is involved here. It is upon that agreement, entitled "Insuring Agreement IV—Automobile Death Indemnity * * *," which the plaintiff seeks to recover the insurance proceeds. The pertinent part of that agreement reads:

"Coverage S.

Division 1—Death Indemnity. To pay the amount stated as applicable to the insured designated for such coverage in the declarations in event of the death of each insured which shall result directly and independently of all other causes from bodily injury caused by accident and sustained by the insured while occupying or through being struck by an automobile, provided the death shall occur within 90 days of such accident."

"Definitions

The definitions of * * * 'Bodily Injury' * * * under Insuring Agreements I and II apply to Insuring Agreement IV.

Bodily Injury—means bodily injury, sickness, or disease including death at any time resulting therefrom. (See Insuring Agreements I and II.)

Commercial Automobile—means any land motor vehicle while used in the insured's business or occupation other than (i) a private passenger automobile, (ii) a school bus or (iii) an owned utility automobile not used for wholesale or retail delivery."

"Exclusions

Insuring Agreement IV does not apply: (a) to bodily injury sustained in the course of his occupation by any person while engaged (1) in duties incident to the operation, loading or unloading of, or as an assistant on, a public or livery conveyance, commercial automobile, ambulance, fire truck * * *"

The death indemnity insurance coverage under that agreement for the decedent as a named insured is $10,000.00.

Defendant, in its answer and briefs before the Court, maintains that plaintiff is entitled to nothing due to certain exclusionary language in the policy.

The question to be decided by this Court is whether or not plaintiff is entitled to the insurance proceeds under the part of the policy entitled "Insuring Agreement IV." This, of course, requires the construction of that portion of the contract, and in so doing, it is the duty of this Court to ascertain and give effect to the real intent and understanding of the parties. See B. & H. Passmore Metal & Roofing Co. v. New Amsterdam Casualty Co., 147 F.2d 536 (10 Cir. 1945).

At the outset, it is evident that the agreement provided for the payment of proceeds in the event of the insured's death "while occupying * * * an automobile * * *" However, this is not the sum and substance of that entire agreement. Reading it as a whole, it is likewise evident that certain exclusions were included in the fourth insuring agreement. One of those, the one around which plaintiff's success or failure revolves, pertained to commercial automobiles. In precise language, it is stated that Insuring Agreement IV does not apply "to bodily injury sustained in the course of his occupation * * * while engaged (1) in duties incident to the operation * * * of * * * a commercial automobile * * *"

It is noted that plaintiff urges this Court to deem the language of the policy ambiguous and thus to construe the terms of the policy in a manner favorable to the insured. The Court is well aware of that principle. See Miller v.

Farmers Mutual Auto Insurance Co., 179 Kan. 50, 292 P.2d 711 (1956). However, the principle is not applicable in the present case in that it appears unequivocally that the language of the policy is manifestly clear. Where such clarity of terms and language exist, as in the case here, courts are compelled to refrain from any modification of the insurance contract by judicial interpretation. See Phoenix Indemnity Co. v. Zinn, 177 Kan. 689, 281 P.2d 1065 (1955); and Sonoco Prod. Company v. Travelers Indemnity Co., 315 F.2d 126 (10 Cir. 1963).

■ From the conceded facts here, the Court can come to no conclusion other than that the language in the policy precludes plaintiff's recovery herein. It is obvious from the pleadings that the decedent, at the time of his death, was engaged in the course of his occupation of delivering dairy products of his employer, and was driving a vehicle owned by his employer. It is equally obvious that the vehicle which the decedent was driving was a "commercial automobile," as defined in the terms of the policy. The exclusionary language in the policy precludes coverage under the factual setting present in this case. Consequently, plaintiff's motion for summary judgment is overruled, and defendant's motion for summary judgment is granted.